FLORA NEWMAN, Appellee, v. ABEL FRENCH, Defendant and Appellant, and CHARLES H. WATERHOUSE and SARAH H. LARSON, Interveners and Appellants.

**Specific performance:** EXECUTORY CONTRACT TO CONVEY: FUTURE SUPPORT. An executory contract to convey real property in consideration of future care and support is so lacking in mutuality, until the care and support has been fully furnished, that no relief by way of specific performance of the agreement to convey can be given.

**Same:** EQUITABLE RELIEF. A court of equity should adjust its decree to such relief as the plaintiff shows himself entitled to under the evidence, irrespective of the objections made to the sufficiency of the pleadings: so that although plaintiff was not entitled to specific performance of an executory contract to convey real property, in consideration of future support to be furnished defendant until such support was furnished, yet an injunction restraining defendant from otherwise disposing of the property so long as plaintiff furnished, or was ready and able to furnish such support, should have been entered.

*Appeal from Linn District Court.*— HON. WM. G. THOMPSON, Judge.

WEDNESDAY, MAY 13, 1908.

ACTION for specific performance of an oral contract to convey, in which plaintiff seeks to have established and confirmed an equitable title to the premises in controversy as against the defendant, who holds the legal title, and by cross-bill against the interveners, who assert a title under conveyance by defendant. There was a decree in plaintiff's favor, and the defendant and interveners appeal.—*Reversed.*

*Rickel, Crocker & Tourtellot* and *Heald & Linville,* for appellants.

*Voris & Haas,* for appellee.

McCLAIN, J.— We find it to be satisfactorily established by the evidence that defendant, who is the father of plaintiff, and who was over eighty years of age at the time the transactions hereinafter referred to took place, and who, having formerly been a resident of Linn county, had returned after a considerable period of absence to the home of the plaintiff near Central City soon after the death of plaintiff's husband, proposed to plaintiff that she give up her home and go to live in town where the defendant, who is blind, might more conveniently and comfortably live with her. Defendant proposed to buy such a house as would suit the plaintiff at an expense of not exceeding $2,000 and plaintiff selected such a house for which the defendant paid, taking the title in his own name. It was arranged in accordance with plaintiff's wishes that her daughter, Mrs. Lola Mann, should make her home with the plaintiff and the defendant, and for some months the three lived in the house thus procured, the defendant furnishing the provisions for the family, while the plaintiff did the cooking and looked. after the house. Defendant, however, became dissatisfied with the arrangement, and went to live with a granddaughter and her husband, and deeded the house which he had bought for plaintiff to the husband of this granddaughter, the intervener, Charles H. Waterhouse, and the other intervener, Sarah Larson, defendant's half sister, who was also at that time living with Waterhouse and his wife. Defendant also served notice on plaintiff to quit the premises. Plaintiff's claim of present right and equitable title to the house purchased for her by the defendant is that in consideration of an agreement to give up her former home, and go to live in town and make a home for the defendant, and take care of him, he agreed that the house purchased under this arrangement should be hers, and that she has fully performed the agreement on her part, being prevented from continuing to

furnish defendant with a home in the house thus purchased by defendant's voluntary act in leaving such home to reside elsewhere. As against the interveners claiming title under conveyance from defendant, the plaintiff claims that such conveyance was made in violation of the trust under which defendant held title to the property for her and while she was in possession thereof, and therefore the interveners are purchasers with notice, and subject to plaintiff's equitable title.

The vital controversy in the case is as to the nature and effect of the contract, if any, made between defendant and plaintiff, in pursuance of which the house was purchased by defendant, and plaintiff removed thereto, and provided a home for defendant so long as he chose to remain. It would be impracticable to set out all of the testimony of many witnesses relating to this arrangement, consisting, as it does, of testimony as to conversations between plaintiff and defendant prior to the purchase of the house and declarations of defendant as to his purpose and intention in doing so. We are satisfied, however, that the agreement was in substance that, if defendant would buy a house for plaintiff in Central City, she would remove to it and furnish him a home, and that after his death the property should be hers. If the understanding between the parties had been that plaintiff should at once, on the purchase of the house, become the absolute and unqualified owner thereof, plaintiff would not have consented as she did that the title should be taken in the name of the defendant. We think that her right to have the property as her own was conditioned upon her providing a home for defendant in which he could live until his death, and the difficulty which we have in reviewing the decree of the lower court is as to the nature of plaintiff's present right and the extent of the relief to which she is entitled under conditions as they existed at the time of the trial. The lower court decreed plaintiff to be the sole and absolute owner of

1. SPECIFIC PERFORMANCE: executory contract to convey: future support.

the premises in controversy, charged only with her liability to care for, nurse, and support the defendant during his lifetime if he should so desire and return to said home, and that at the death of defendant, whether he has prior thereto been or is then living with the plaintiff, and has been and is receiving care, nursing, and support from her and her family or not, the premises shall then become the absolute property in fee simple of the plaintiff, and that at such time the decree shall pass to her, or her heirs at law or devisees if she is then deceased, the legal title absolutely in fee simple, the same and as fully as if she had received an unconditional warranty deed therefor from the defendant, and that the decree shall then stand as and in lieu of said warranty deed, and the deed to the interveners be annulled, set aside, and declared of no effect, and the record thereof canceled, and that the interveners be required to quitclaim to the plaintiff.   Defendant is also enjoined and restricted from in any manner conveying or incumbering or in attempting to convey or incumber the premises or any part thereof, and he is decreed to hold the legal title in trust for plaintiff during his lifetime, and not otherwise.

The effect of this decree is to enforce specific performance of an oral contract to convey in consideration of future personal services to be rendered by plaintiff to the defendant.   An executory agreement to convey in consideration of support or care to be furnished to one party by the other during the lifetime of the latter cannot be specifically enforced in a court of equity by the latter, and therefore lacks such mutuality of obligation that, until it has been fully executed by the former, no equitable relief to the former by way of specific performance of the agreement to convey can be given.   *Flower v. Cruikshank,* 77 Iowa, 110 ; *Bourget v. Monroe,* 58 Mich. 563 (25 N. W. 514); *Richmond v. Dubuque & S. C. R. R. Co.,* 33 Iowa, 422; *Hopwood v. McCausland,* 120 Iowa, 218.   The cases relied upon by counsel for appellee are those in which the contract has

been fully performed and executed by the party contracting to furnish support or render services, and we have no question as to the right of specific performance of a parol contract to convey under such circumtances. But here the obligations of plaintiff have not been fully performed. We do not find it necessary now to determine whether defendant had any sufficient reason for leaving the home which plaintiff was providing for him. Defendant is not insisting upon recision of the contract on the ground of failure of plaintiff to carry it out, but he is insisting that no such contract was ever made, and that he had a perfect right to convey the property to interveners without reference to any such contract. It will be time enough to determine the sufficiency of performance by plaintiff, or readiness and ability on her part to perform, and any other question involving her right to a decree of specific performance, when under the terms of the contract she claims to have fully performed its conditions so as to be entitled to the property.

It is argued for appellee that the question which we have discussed as to right of specific performance was not raised in the trial court, and that defendant's sole contention 2. SAME: equita-    there was that no such contract as relied upon    ble relief.    by plaintiff was ever made. But in an equity case the court should only grant such relief as the plaintiff shows himself under the evidence to be entitled to, and the court should adjust the decree to the evidence, irrespective of failure to make specific objection to the sufficiency of the allegations and prayer to entitle the plaintiff to the kind or form of relief which is asked. It remains open to a court of equity to decree that which is equitable under the evidence irrespective of objections made to the pleadings, provided, of course, the allegations of plaintiff show him to be entitled to some equitable relief. *Seymour v. Shea,* 62 Iowa, 708. The decree confirming title in the plaintiff by way of specific performance subject to fulfillment of her obligations under the contract in the future was erroneous, but we think

that, as against the attempt of the defendant to convey the title to the interveners free from any claims on behalf of the plaintiff, the latter is entitled to some equitable relief, and a decree should be entered restraining defendant from conveying or attempting to convey the premises, and from interfering with plaintiff's possession and enjoyment thereof, so long as plaintiff continues to perform or to be ready and able to perform the contract on her part, and it should provide that the title taken by the interveners under defendant's conveyance to them is subject to the right of plaintiff to have the fee-simple title to the property conveyed to her when her obligations under the contract have been fully performed, and it is found that otherwise she is entitled to a decree on her contract.    As justifying such a decree as is now ordered, see *Pflugar v. Pultz,* 43 N. J. Eq. 440, (11 Atl. 123).

The decree as rendered was essentially erroneous, and it is *reversed.*