HERBERT C. CALEF *vs.* ESTATE OF HELEN L. STEERE.

JULY 9, 1926.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1) Guardian and Ward. Sale Without Authority. Relief. Probate Law.*

Under Gen. Laws, 1923, cap. 358, sec. 8, a probate court has power to confirm the act of a guardian in executing and delivering a deed of real estate, although such deed was not executed and delivered within one year after the date of the decree authorizing the same as required by Gen. Laws, 1923, cap. 359, sec. 28, where the ward was alive when the conveyance was made.

*(2) Guardian and Ward. Sale Without Authority. Relief. Party in Interest.*

Where a guardian executed and delivered a deed of real estate of the ward, after the expiration of the year within which he had authority to sell, under Gen. Laws, 1923, cap. 359, sec. 28, his grantee is a proper party to apply for relief under Gen. Laws, 1923, cap. 358, sec. 8, as a party interested in or affected by such act.

*(3) Probate Law. Guardian and Ward. Sale Without Authority. Relief.*

Where a guardian executed and delivered a deed of real estate of the ward, after the expiration of the year within which he had authority to sell, under Gen. Laws, 1923, cap. 359, sec. 28, and the court of probate finds that his grantee is entitled to relief under Gen. Laws, cap. 358, sec. 8, it would seem unnecessary (the guardian having deceased) to appoint a guardian for the purpose of executing confirmatory deed after the court having jurisdiction has affirmed and thereby validated the sale.

PROBATE APPEAL. Certified on question of doubt.

RATHBUN, J. This is a petition, based on Section 8, Chapter 358, General Laws, 1923, to the Municipal Court of the City of Providence to confirm the acts of the guardian of Helen L. Steere in purporting to sell and convey certain real estate owned by the ward. In making the sales said guardian assumed to act by authority of a decree of said court authorizing the sales at the price received, but she had no actual authority by reason of the fact that the sales were not made within one year after the date of said decree as required by Section 23, Chap. 213, G. L. 1896 and Section 761 of The Court and Practice Act, now Sec. 28, Chap. 359, G. L. 1923, which provides that: "Every license granted by a probate court to sell real estate shall continue in force for one year . . ." The judge of said court, being of the opinion that Section 8 of said Chapter 358 conferred no jurisdiction upon him to grant relief in a case of this nature, denied and dismissed the petition on the ground of want of jurisdiction. Thereupon the petitioner appealed to the Superior Court. Before trial in said court on the merits, a question of law arose which, in the opinion of said court, was "of such doubt and importance, and so affects the merits of the controversy that it ought to be determined by the Supreme Court before further proceedings" and the justice, to whom the case was assigned, certified to this court, as provided by Section 5, Chap. 348, G. L. 1923, the following questions: "1. Does Section 8 of Chapter 358 of the General Laws of 1923 confer jurisdiction upon the Municipal Court of the City of Providence to confirm the acts of Laura M. Steere in executing and delivering the deed to the plaintiff on the 28th day of July, A. D. 1906, and in executing and delivering the deed to Patrick H. Delaney on the 1st day of May, A. D. 1899, the decree authorizing both of said sales by said guardian having been entered by said Municipal Court on the first day of October, A. D. 1895? (2) If the plaintiff is entitled to the relief prayed for, should a guardian of the estate of Helen L. Steere be appointed for the purpose of executing and delivering confirmatory deeds?"

Said Section 8 provides as follows: "When the validity of an act or proceeding of a probate court, or of a person acting as executor, administrator, or guardian, is called in question by reason of an alleged irregularity, defective notice, or want or improper exercise of authority, any party interested in or affected by such act or proceeding may apply to the probate court having jurisdiction of the subject-matter in respect to which the act or proceeding has been had; and the court, after such notice as it may order to all parties interested, may hear and determine the matter and confirm the act or proceeding in whole or in part, and may authorize and empower the executor, administrator, guardian, or any successor, or other person who may be legally appointed to act in the same capacity, to confirm such act or proceeding and to execute and deliver such deeds, releases, conveyances, and other instruments as may be found necessary for that purpose; but no act or proceeding shall be confirmed which the court might not have authorized in the first instance upon due proceedings." By eliminating the provisions which are inapplicable to this case, it will clearly appear that said section provides that when the act of a guardian is called in question by reason of want of authority the probate court having jurisdiction may, after notice and hearing, confirm the act, provided the court had authority to authorize the act in the first instance upon due proceedings.

In the case before us an act of the guardian of said Steere is called in question. The act was the supposed sale of real estate. As a sale was not made within one year after the date of the decree conferring authority to sell, the supposed sale was made without authority; but as the ward was alive when the attempted conveyances were made the Municipal Court had jurisdiction and might have authorized said conveyances if an application for such authority had been made. To a majority of the court it appears that the case before us is squarely within the terms and spirit of the statute and that the case well illustrates the wisdom

and foresight of the legislature in adoping such a remedial statute which permits a probate court to overcome the unfortunate results of certain mistakes in probate proceedings, especially when such mistakes have caused no injury. The purchase price of the ward's interest in both parcels of real estate was expended by the guardian for the support of her ward. The guardian and her purchasers apparently acted in good faith. She covenanted in each of her said deeds that she was empowered by the Municipal Court to make the sale and that she had conformed to the decree of the court authorizing said sale. One of said deeds was made by the guardian to the petitioner. The other was made to a third person who sold to the petitioner and delivered to him a deed purporting to convey the property which the guardian, by deed, attempted to convey to said third person. Thereafter the petitioner conveyed by warranty deed both parcels of real estate. Recently the petitioner's grantee discovered the defect in his title, due to the fact that the guardian's license to sell had expired when said deeds of the guardian were executed and delivered, and demanded that petitioner perfect the title. The guardian and her ward have long since deceased; the ward's estate has been settled and the whereabouts of her heirs is unknown to the petitioner.

(2) The petitioner is a proper party to apply for relief for it is clear that he is a "party interested in or affected by such act"—that is, the sales in question—for he has by warranty deed conveyed both of said parcels of real estate and his grantee, relying upon the covenants in said deed, has demanded that the petitioner perfect the title to the real estate which his deed purports to convey.

As we have already stated, said Section 8 is a remedial statute. It is a familiar rule that courts should give remedial statutes a liberal construction in order to accomplish the purpose for which the statute was designed. To hold that said section confers no jurisdiction upon a probate court to act in such a case as we have before us would defeat instead

of accomplish one of the purposes for which the section was clearly adopted. This conclusion is in no wise inconsistent with the decision of this court in *Campbell* v. *Metcalf*, 33 R. I. 453. In the *Campbell* case a probate court, having jurisdiction, entered a decree authorizing an administrator to sell real estate. One of the heirs filed a claim of appeal from said decree but failed to perfect the appeal. After the time within which the appeal could have been perfected had expired, and more than one year after the date of said decree, the administrator petitioned said court to affirm the decree from which there was an attempt to appeal. The administrator based his petition on Section 5, Chap. 311, General Laws 1909 which provides that: "If the appellant fails to enter his appeal within the time allowed by law, the probate court from which the appeal was taken may, upon the petition of any person interested and upon such notice to the appellant as the court shall order, affirm the order or decree appealed from and further proceed as if no claim of appeal had been filed." It was held that the intention of the legislature as expressed in said Section 5 was that a probate court might affirm its decree to sell real estate only within one year from the date of the decree and not after the license granted by the decree had expired by the limitation imposed by statute. See Section 28, Chap. 308, G. L. 1909, now Section 28, Chap. 359, G. L. 1923. Said Section 5 merely provides for disposing of an unperfected appeal by affirming the order or decree appealed from—within the time the order or decree is operative—so that the record will be clear for the probate court to proceed as if no claim of appeal had been filed. In affirming such a decree for the sale of real estate the probate court does not inquire whether the necessity for a sale still continues or whether the price fixed by the original decree is reasonable and adequate. The petitioner in the case before us is not seeking to have the Municipal Court affirm a decree the force of which has expired by the limitation imposed by statute. He frankly admits that the conveyances in question were made without

authority, and he is asking the Municipal Court to accept the jurisdiction conferred by said Section 8—quoted above— and confirm said sales and conveyances, provided said court finds that at the times when the sales were respectively made it was reasonably necessary or desirable that the sales should be made and that the price received was adequate.

We hold that said Section 8 confers jurisdiction upon said court to hear and determine said petition upon its merits.

If said court should find that the petitioner is entitled to relief it would seem unnecessary to appoint a guardian for the purpose of executing confirmatory deeds after a court having jurisdiction has affirmed and thereby validated the sales and conveyances in question.

We answer the first question in the affirmative and the second in the negative.

The papers in the cause with our decision certified thereon are ordered sent back to the Superior Court for further proceedings.

STEARNS, J., dissenting. October 1, 1895, Laura M. Steere, the guardian of Helen L. Steere, a person of full age but of unsound mind, was authorized by a decree of the Probate Court to sell the undivided interest of her ward in two parcels of land for a fixed price. May 1, 1899, the guardian by guardian's deed sold the ward's interest in one lot to Patrick Delaney, and July 28, 1906, sold the ward's interest in the other lot to the petitioner Calef. Each deed was duly recorded. Later, by purchase, Calef became the sole owner of both lots. Thereafter Calef sold and conveyed by warranty deeds the two lots to the present owners. These owners now demand that Calef cure an alleged defect in the titles. Calef brought a petition in the Probate Court (G. L. 1923, C. 358, s. 8.) and prayed the Probate Court to confirm the acts of the guardian in making said deeds. Both the guardian and the ward are now dead. Certain of the heirs of Helen L. Steere are living; the residence of other heirs is unknown. The Probate Court denied the petition,

for want of jurisdiction. The correctness of this decision is the question in issue.

Calef is not "a party interested or affected by such act or proceeding" within the statutory meaning. He bought one lot from Delaney. The guardian had nothing to do with this transaction. The present owners have not brought any legal proceedings against Calef. From the lapse of time, twenty-seven years in one case, twenty years in the other, it is not unlikely that Calef's vendees now have good titles by possession; none of the heirs now make any claim to the property.

Section 8, Chapter 358, first appears in G. L. 1896, C. 209, s. 13, as does also Section 28, Chapter 359, which is as follows in the laws of 1896 (C. 213, s. 23): "Every license granted by a probate court for the sale of lands shall continue in force for the term of one year from the date of such decree and no longer and such sale, to be valid, shall, in addition to the preceding provisions of this chapter, have been consummated within said period; but the deed or conveyance may be executed and delivered after said period." This provision was re-enacted in substance in G. L. 1909, C. 308, s. 28 and in G. L. 1923, C. 359, s. 28. In *Campbell* v. *Metcalf*, 33 R. I. 453, it was decided that a decree of the Probate Court licensing a sale of real estate continued in force for one year only from the date of its entry and that the Probate Court could not thereafter affirm said decree. The court says (p. 458): "The intention of the legislature to limit the time within which the sale could be made is perfectly clear. The limitation is also entirely reasonable, as, with the lapse of time, circumstances might arise which would make a sale no longer desirable, or the value of the real estate might materially increase, so that a price which was proper at the time of the entry of the decree, would later be wholly inadequate. Can such a decree be revived and again put in force after said period of one year has expired? The same reasons which actuated the legislature in making the limitation, would militate

against its revival after its force had expired by the limitation. It seems that, if license to sell after the year had expired was desirable, it would be necessary to again apply to the probate court and obtain a new license to sell. Upon such a petition the probate court could consider the facts on which such petition was founded with due regard to the conditions then existing in the same manner as upon the former petition. It by no means follows that the action of the court would be in all respects the same as upon the former petition. The statutory provisions for the sale of real estate by executors and administrators must be strictly followed in order to give validity to the sale."

This decision was approved in *Campbell* v. *Metcalf*, 43 R. I. 257. The act is to be construed as a whole and effect is to be given to all its parts if practicable. The specific restriction and limitation of the power of a guardian to sell real estate limits the more general terms of Section 8; otherwise the statutory limitation is nullified. Even assuming that the Probate Court had the power to confirm the guardian's sale in the lifetime of the ward, such power of confirmation came to an end on the death of the ward. The method provided by the statute for confirmation of the sale is by the appointment of a guardian "or other person who may be legally appointed to act in the same capacity to confirm such act," and to execute such deeds and other instruments as may be found to be necessary. Any relationship of guardian and ward is ended by the death of the ward. The real estate of the ward thereafter belongs to the heirs or devisees. I do not think it was the intention of the legislature to provide for the appointment of a guardian of the estate of a person who has deceased.

Furthermore, in Section 8, Chapter 358, it is expressly provided that "no act or proceeding shall be confirmed which the court might not have authorized in the first instance upon due proceedings". By Section 28, Chapter 359, the court could not authorize a sale more than one year from the date of its decree. Therefore it could not authorize

"in the first instance" the sales which the guardian made in this case, the first sale being three years and seven months from the date of the decree and the second sale being ten years and nine months thereafter.   Consequently the Probate Court, under said Section 8, has no authority to confirm said sales.

For the reasons stated I think the Probate Court had no jurisdiction in this case.

Mr. Justice SWEENEY concurs in the dissenting opinion of Mr. Justice STEARNS.