**Raymond O. BROWN, Jr.**

v.

**Anthony P. SAMIAGIO et al.**

**No. 84–321–Appeal.**

Supreme Court of Rhode Island.

Feb. 20, 1987.

William J. Gallogly, Lenihan Moone & Gallogly, Westerly, for plaintiff.

Louis B. Cappuccio, Arlene Violet, Atty. Gen., Sheila Tobie Swan, Sp. Asst. Atty. Gen., Westerly, for defendant.

OPINION

FAY, Chief Justice.

This case is before the court on the plaintiff's appeal from a declaratory-judgment action in Superior Court. The action arose as a result of a September 1980 fatal automobile accident that claimed the life of a young man named David P. Samiagio. Because of a procedural flaw in the commencement of this action, we dismiss the appeal and vacate the decision below.

The plaintiff, Raymond O. Brown, Jr. (Brown), initiated the instant action in Washington County Superior Court against Anthony P. Samiagio and Linda C. Clachrie by complaint filed October 16, 1980. Personal service of process was rendered on these two defendants on October 29, 1980. Brown's purpose in pursuing the action was to establish his status as sole beneficiary to the estate of decedent David Samiagio. In his original complaint Brown requested the trial court to declare him the natural father of the decedent. He also asked the court to prohibit defendants from commencing Probate Court proceedings and pursuing civil action against any third parties responsible for the decedent's death.

On April 5, 1982, Brown moved the court for leave to file an amended complaint. The amended complaint added a second count alleging certain pertinent statutes [1]

---

1. The plaintiff's amended complaint alleged G.L.1956 (1969 Reenactment) § 33–1–8 to be in violation of both State and Federal Constitutions. Section 33–1–8 at the time read:

"Children born out of wedlock.—A child born out of wedlock shall be capable of inheriting or transmitting inheritance on the part of his mother in like manner as if born in lawful wedlock. Any such child whose parents shall lawfully intermarry and shall acknowledge him as their child shall be deemed legitimate."

Additionally, plaintiff claimed that G.L.1956 (1969 Reenactment) § 10–7–2, as amended by P.L.1980, ch. 198, § 1, when read in conjunction with § 33–1–8 was likewise unconstitutional. Public Laws 1980, ch. 198, § 1 in pertinent part read:

"10–7–2 ACTION BY EXECUTOR OR ADMINISTRATOR—PERSONS BENEFITED—COMMENCEMENT OF ACTION—MINIMUM

to be unconstitutional under state and federal constitutional equal-protection guarantees.[2] In addition, the second count claimed that defendant Anthony Samiagio had instituted a wrongful-death action in Superior Court on behalf of decedent's estate. Brown's motion to amend was granted over defendants' objection on April 23, 1982.

On April 17 and 18, 1984, the trial court, without intervention of jury, took evidence on Brown's allegations. At the conclusion of the evidence and arguments of counsel, the trial justice ruled that Brown had surmounted the presumption of paternity in Anthony Samiagio as set out in G.L.1956 (1981 Reenactment) § 15–8–3(1) and proved himself to be David Samiagio's natural father.[3] The trial justice refused, however, to declare §§ 10–7–2 and 33–1–8 unconstitutional. Judgment was entered April 26, 1984 for Brown on count 1 of his complaint to the extent that he was declared to be the natural father of the decedent. Judgment was entered against him on count 2. Brown's motion for new trial was heard and denied on May 16, 1984, and his appeal followed.

Brown, on appeal, contends that the trial justice erred by not declaring §§ 10–7–2 and 33–1–8 unconstitutional. We need not reach this constitutional issue, however, because we find the failure to join the Attorney General as a party to be fatal to Brown's case.

General Laws 1956 (1969 Reenactment) § 9–30–11 of the Uniform Declaratory Judgments Act states in pertinent part:

"In any proceeding which involves the validity of a municipal ordinance or franchise, such municipality shall be made a party, and shall be entitled to be heard, and if the statute, ordinance or franchise is alleged to be unconstitutional, the attorney-general of the state shall also be served with a copy of the proceeding and be entitled to be heard."

The court previously addressed the issue of failure to serve the Attorney General under this statute in *Griffin v. Bendick*, 463 A.2d 1340 (R.I.1983). In *Griffin* the plaintiff brought a declaratory-judgment action against the directors of the state's Department of Environmental Management and Department of Transportation. She alleged that, inter alia, the statutory scheme by which the state condemned portions of her shoreline property for the public use and benefit was unconstitutional. Default judgment was entered against the defendant director of transportation for

RECOVERY.—Every such action shall be brought by and in the name of the executor or administrator of such deceased person, whether appointed or qualified within or without the state, and the amount recovered in every such action shall one-half (½) thereof go to the husband or widow, and one-half (½) thereof to the children of the deceased, and if there be no children the whole shall go to the husband or widow, and, if there be no husband or widow, to the next of kin, in the proportion provided by law in relation to the distribution of personal property left by persons dying intestate."

2. The statutes in question were, according to plaintiff, in violation of R.I. Const. art. I, § 2, and U.S. Const. Amend. XIV, § 1. Article I, § 2 of the Rhode Island Constitution states:

"Laws for good of whole—Distribution of burdens of state.—All free governments are instituted for the protection, safety and happiness of the people. All laws, therefore, should be made for the good of the whole; and the burdens of the state ought to be fairly distributed among its citizens."

Section I of the Fourteenth Amendment to the United States Constitution states:

"All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

3. General Laws 1956 (1981 Reenactment) § 15–8–3 in pertinent part states:

"Presumption of paternity.—A man is presumed to be the natural father of a child if:
(1) he and the child's natural mother are or have been married to each other and the child is born during the marriage, or within three hundred (300) days after the marriage is terminated by death, annulment, declaration of invalidity, or divorce, or after a decree of separation is entered by a court[.]"

failure to appear and defend the action. A Superior Court justice later vacated the entry of default because the plaintiff had neglected to serve the Attorney General with summons and complaint as required by § 9–30–11. We affirmed the trial court's action stating that the Attorney General, by the terms of § 9–30–11, was "an indispensable party to [the] action" and that "failure adequately to serve the Attorney General effectively voided any default judgment entered." 463 A.2d at 1344.

In the case at bar, Brown never effectuated service of process on the Attorney General, even though he was challenging the constitutionality of two statutes. We have indicated on more than one occasion that § 9–30–11, as a rule relating to service of process, must be followed and construed strictly. *Griffin*, 463 A.2d at 1344; *Plantations Legal Defense Services, Inc. v. O'Brien*, 122 R.I. 856, 413 A.2d 486 (1980); *Barthlein v. Ellis*, 112 R.I. 646, 314 A.2d 426 (1974); *Shannon v. Norman Block, Inc.*, 106 R.I. 124, 256 A.2d 214 (1969). Because no service was made on the Attorney General in the declaratory-judgment action, the trial court could not properly assert jurisdiction. Failure to join the Attorney General therefore warrants dismissal of the action. *See Griffin*, 463 A.2d at 1342, 1344; *cf. Thompson v. Town Council of Westerly*, 487 A.2d 498 (R.I.1985) (dismissal is proper remedy where property owner with interest in case outcome is not joined as indispensable party under § 9–30–11).

Brown attempts to avert dismissal of the action at this late stage by suggesting that whereas he made the Attorney General's Office aware of the action, the Attorney General declined to become involved. For support, Brown refers to an October 17, 1985 letter filed by the Attorney General with this court, which letter declines the opportunity to brief the constitutional issues. Although Brown complied with Rule 32 of the Supreme Court Rules,[4] his actions to inform the Attorney General were too little and too late. The mandatory-joinder provisions of § 9–30–11 required Brown to serve the Attorney General with process when he filed his amended complaint with the Superior Court in April 1982.

Consequently, the plaintiff's appeal is denied and dismissed, the judgment appealed from is vacated, and the papers in the case are remanded to the Superior Court with directions to enter a judgment of dismissal for failure to join an indispensable party.

---

4. Rule 32(b) of the Supreme Court Rules provides:

"A party who draws in question the constitutionality, under the United States Constitution or the Rhode Island Constitution, of any Act of the General Assembly of Rhode Island in any proceeding in the Supreme Court to which the State of Rhode Island, or any agency thereof, or any officer or employee thereof, as such officer or employee, is not a party, upon the filing of the record, or as soon thereafter as the question is raised in the Supreme Court, shall give immediate notice in writing to the Court of the existence of said question. The clerk of the Court shall thereupon certify such fact to the Attorney General of Rhode Island."