Frederick I. CROSSMAN et al.

v.

Geraldine R. ERICKSON.

No. 88–94–A.

Supreme Court of Rhode Island.

Feb. 23, 1990.

---

Michael R. Hagopian, Gelfuso & Lachut, Inc., Cranston, for plaintiffs.

William G. Savastano, North Smithfield, for defendant.

Before FAY, C.J., and KELLEHER, WEISBERGER, MURRAY and SHEA, JJ.

## OPINION

WEISBERGER, Justice.

This case comes before us on the defendant's appeal from a judgment of the Superior Court declaring void two deeds purporting to convey real property owned by Clara Syms to the defendant Geraldine Erickson. We reverse. The facts insofar as pertinent to this appeal are as follows.

In September 1980, Clara Syms (now deceased) voluntarily petitioned the North Smithfield Probate Court (Probate Court) to appoint George Harvey as conservator of her estate pursuant to G.L.1956 (1969 Reenactment) § 33–15–44. The reason for Syms' petition was her advanced age, approximately 100 years old, and her diminished physical capacity. The Probate Court granted Syms' petition in September 1980, appointing Harvey as conservator of her estate.

At the time the petition for conservatorship was granted, Clara Syms was the record owner of a multi-unit residential building located in the town of North Smithfield. Syms resided in one of the units. Although the Probate Court had found that Syms was fully rational and mentally competent, she was physically unable to care for herself. Consequently Syms required twenty-four-hour care, the cost of which quickly drained the assets in her estate.

In October 1980, Syms' conservator petitioned the Probate Court for permission to sell Syms' property and to apply the proceeds to her continued personal care. Clara Syms wished to live out the remainder of her years in her own residential unit as she had previously had bad experiences as a resident in a nursing home. In order to accommodate Syms' desire to remain living on her property in North Smithfield, the sale of the property was to be subject

to a life estate in Syms for her personal unit.

The Probate Court approved the petition for public sale, provided that the property not be sold for less than its appraised value of $40,000, and that pursuant to G.L.1956 (1969 Reenactment) § 33–19–8, Harvey give a bond for that amount in the event a purchaser was found. Although proper advertisement of the offer to sell was made, no buyer was secured to purchase Syms' property. Apparently, prospective purchasers were discouraged from making an offer because under the terms of the public sale, Syms was to remain living in her unit for the remainder of her life, but the purchase price was not abated to reflect the diminution in value caused by her lifetime residence. Because the public offer to sell the property did not produce a buyer, no bond was ever posted by the conservator.

The defendant had for some time been renting one of the units in Syms' multi-unit residence. The defendant had also been providing personal care for Clara Syms since 1979 and had been paid for her services up until sometime in 1980. Although Syms was no longer able to pay Erickson for her services, defendant continued to care for her.

In early 1981 Erickson expressed an interest in purchasing Syms' property in North Smithfield. The defendant was willing to allow Syms to continue to occupy her unit for the remainder of her life. Indeed, an agreement was reached by the parties whereby Erickson would purchase Syms' property and continue personally to care for Syms for the balance of their mutual lives.

The purchase-and-sale agreement executed by the parties provided that Syms and the conservator would both deed the property to defendant and appoint her as representative payee of Syms' Social Security benefits. As consideration therefor, defendant was to pay the estate $40,000. Payment of the $40,000 was to be accomplished by defendant's giving two notes, one for $15,000 and one for $25,000. Erickson was owed approximately $15,000 for past care and services rendered to Clara

Syms prior to January 1981. Therefore, the $15,000 note was to be canceled immediately upon the execution of a release by defendant of her claim for past services rendered to Syms. The $25,000 note was also to be canceled immediately upon the execution of a care and support agreement whereby defendant agreed to care for Syms in her home for the remainder of their mutual lives. Evidently the agreement stipulated that the entire transaction was subject to the approval of the Probate Court.

Clara Syms executed a warranty deed on April 28, 1981, naming Erickson grantee of her property. On May 4, 1981, Harvey made application to the Probate Court for authorization to convey Syms' property to Erickson under the terms of the agreement. The petition was for a private sale and was not advertised, and no notice of the impending transaction was given to any party, including plaintiffs.

The petition was approved by the Probate Court on May 8, 1981, although Harvey had already executed and delivered a conservator's deed for Syms' property to Erickson two days prior. No bond was posted by the conservator. Both the conservator's deed and Syms' warranty deed were recorded in the land evidence records for North Smithfield on June 1, 1981.

As per the terms of the lifetime care and support agreement, Erickson continued to care for Clara Syms until November 5, 1981, when Syms died.

The plaintiffs Frederick I. Crossman and Whipple D. Crossman as heirs-at-law and next-of-kin to Clara Syms, were appointed coadministrators of her estate. As such, they brought this civil action in the Superior Court on behalf of the estate, seeking to void the entire transaction whereby the real property of Clara Syms had been conveyed to Erickson in consideration for the past personal care and future lifetime care of the decedent.

Prior to the commencement of trial, defendant filed a motion to amend her pleadings to include a defense that §§ 33–15–13 and 33–15–44 are unconstitutional. The trial justice denied this motion, citing G.L.

1956 (1985 Reenactment) § 9–30–11, of the Uniform Declaratory Judgments Act.

After a trial on the merits the trial justice found in favor of the estate and voided both the conservator's deed and Syms' warranty deed but entered judgment in favor of Erickson for the fair and equitable value of her services from January 1981 to November 1981. From judgment entered thereon, defendant appeals.

■ In her brief defendant alleges, inter alia, that the trial justice abused his discretion in denying defendant's motion to amend to include as a defense a constitutional challenge to the statutes controlling this case, §§ 33–15–13 and 33–15–44. Although it is a well-settled principle of Rhode Island law that motions to amend pleadings should be liberally permitted by a trial justice, see Rule 15 of the Superior Court Rules of Civil Procedure, and *City of Warwick v. Boeng Corp.*, 472 A.2d 1214, 1218 (R.I.1984), a party asserting a challenge to the constitutionality of a statute must nevertheless abide by the rules of procedure. Section 9–30–11 applies to all proceedings involving challenges to the constitutionality of our statutes and reads in pertinent part:

"When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration * * *. [I]f [a] statute * * * is alleged to be unconstitutional, the attorney-general of the state shall also be served with a copy of the proceeding and be entitled to be heard."

■ This court has previously held that § 9–30–11 requires that the Attorney General must be joined and served as a party when suit is filed challenging the constitutionality of a statute. *See Brown v. Samiagio*, 521 A.2d 119 (R.I.1987). Failure of a party to comply with § 9–30–11 will prevent a constitutional challenge to a statute. *Brown*, 521 A.2d at 120. Although defendant by her proposed amended pleadings sought to challenge the constitutionality of §§ 33–15–13 and 33–15–44, there is no indication from the record that proper service was made upon the Attorney General. Ac-

cordingly, because defendant's actions in moving to amend did not meet the joinder and service of process requirements of § 9–30–11, the trial justice's denial of the motion was not an abuse of discretion but was mandated under the circumstances. *Brown*, 521 A.2d at 121.

Erickson also argues that the trial justice erred in his determination that the Probate Court lacked jurisdiction as a matter of law to authorize the transfer of Clara Syms' real property in consideration of past and future care and services. The statute controlling this issue is § 33–15–32, which reads as follows:

"Sale or mortgage of real estate.—If the personal property in the hands of a guardian is insufficient to pay the debts of his ward, including incumbrances on his estate, and the expense of supporting him and his family, the guardian *may be authorized by the probate court to sell*, or to mortgage for an amount decreed, *the real estate of his ward or any interest therein for that purpose.* A guardian may also be authorized to sell the real estate of his ward or any interest therein for the purpose of making a better investment or for any other proper purpose." (Emphasis added.)

■ In deciding this case, we must determine whether the Probate Court had the power to authorize the conservator to convey Syms' property *in consideration for something other than cash.* The plaintiffs argue that the term "sell" as used in § 33–15–32 must be strictly construed so as to limit the jurisdiction of the Probate Court to authorize only a cash transaction. We disagree. Assuming, without deciding, that the warranty deed executed by Syms is void, we hold as a matter of law that authorization for the conveyance exchanging past and future lifetime care and services for the conservator's deed was well within the jurisdiction of the Probate Court as set forth in § 33–15–32 permitting the sale of real estate by a conservator.

■ In their brief plaintiffs correctly argue that the language of § 33–15–32, specifically the term "sell", must be given its

plain and ordinary meaning. *Roadway Express, Inc. v. Rhode Island Commission for Human Rights,* 416 A.2d 673, 674 (R.I. 1980). The plaintiffs then suggest that in construing § 33–15–32, this court adopt one of the restrictive meanings of the term "sale" as defined and distinguished in the pages of Black's Law Dictionary, 1200–1202 (5th ed. 1979). Although there are numerous legal definitions included in Black's Law Dictionary, plaintiffs demand that the term "sale" must be limited solely to mean those transactions in which money is the only form of consideration the purchaser can give. The narrow definition of the term "sale" proposed by plaintiffs is unduly restrictive and does not follow from the above mentioned rule of construction of statutory language favoring the plain and ordinary meaning of terms.

The term "sale" is also defined as the "[t]ransfer of property for consideration either in money *or its equivalent.*" (Emphasis added.) Black's Law Dictionary at 1200. There is no inherent limitation in the legal meaning of the term "sale" requiring that money be the only medium of exchange. Rather, the equivalent to the monetary value of a thing may be given as sufficient consideration to support a sale. *See, e.g., Newman v. French,* 138 Iowa 482, 116 N.W. 468 (1908) (support agreement is sufficient consideration to support a sale of real estate); *Polson v. Stewart,* 167 Mass. 211, 45 N.E. 737 (1897) (forbearance from suit is sufficient consideration). Utilizing the broader legal definition, we can discern no rule of law that requires a "sale" of real estate under § 33–15–32 to be accomplished only in exchange for cash. As a consequence we are of the opinion that under § 33–15–32, the Probate Court had jurisdiction to authorize the conservator to sell Syms' property to Erickson for adequate legal consideration other than "cash" or "money". Accordingly the trial justice was in error in entering judgment declaring the conservator's deed void.

■ The plaintiffs also point out that at no time did Harvey give bond as required under § 33–19–8 as security for the transaction. A conservator is only required, however, to "give bond with surety or sureties *satisfactory to the court* that he will apply the proceeds of such sale * * * to the purposes for which the same was authorized * * *." (Emphasis added.) Section 33–19–8. Under the terms of the October 1980 Probate Court authorization for the public sale of Clara Syms' property, Harvey was required to find a buyer for no less than the $40,000 appraisal value and to give bond if a buyer was secured. As it happened, however, no buyer was secured and no conveyance took place. Consequently no bond was ever posted by Harvey.

When the conservator again petitioned the Probate Court in May 1981 for authorization to sell Syms' property to defendant, the proposed conveyance was to be a private sale. Furthermore, the proposed conveyance of Syms' property was in exchange for past services and future lifetime care, not for cash. Because the consideration given by defendant would immediately inure to the benefit of Syms, there were no "proceeds" to be secured by a bond. Apparently the Probate Court was satisfied with the terms of the agreement so that it did not require that Harvey post bond under the terms of the second authorization to sell to Erickson.

■ The plaintiffs argue that because the conservator executed and delivered the deed to defendant two days prior to May 8, 1981, the date the Probate Court approved the conservator's petition to sell to defendant, the entire transaction was unauthorized and should be set aside. This court has previously held that an unauthorized sale of real estate by a conservator may later be ratified by the court. *See Calef v. Estate of Steere,* 47 R.I. 498, 134 A. 1 (1926). Moreover, although there was some risk to Harvey in failing first to secure authorization for the proposed transaction, his irregular act in deeding the property to defendant prior to the approval by the Probate Court will be upheld if it was made in good faith. *See Probate Court of Providence v. Higgins,* 58 R.I. 58, 191 A. 260 (1937). In the instant case not only was the conservator's deed made sub-

ject to the approval of the Probate Court but that approval was forthcoming. Consequently plaintiffs' argument that the transaction was invalid and should be set aside because the conservator did not await authorization from the Probate Court is without merit.

The defendant further contends that the trial justice was in error in voiding Clara Syms' warranty deed to Erickson. As previously stated, we find that the conservator's deed is valid and sufficient to convey title to the subject property to the defendant. Because this holding is dispositive of the entire case, we need not reach the issue concerning the validity of the warranty deed executed by Syms while her estate was under conservatorship.

For the reasons stated, the defendant's appeal is hereby sustained. The judgment of the Superior Court is reversed. The papers in the case may be remanded to the Superior Court with directions to enter judgment in favor of the defendant.