In the Matter of Arthur L. WILLCHER, a Member of the Bar of the District of Columbia Court of Appeals.

No. S–51–77.

District of Columbia Court of Appeals.

Argued Dec. 13, 1978.
Decided July 19, 1979.

William Taylor, Washington, D. C., with whom Thomas C. Green and Roger D. Ka-

understand the proponents of expungement to advocate that approach.

plan, Washington, D. C., were on the brief, for respondent.

Fred Grabowsky, Bar Counsel, Washington, D. C., with whom David Carr, Washington, D. C., was on the brief, for The Board on Professional Responsibility.

Before NEBEKER, MACK and FERREN, Associate Judges.

NEBEKER, Associate Judge:

This disciplinary matter is before the Court on a petition of the Disciplinary Board, now the Board on Professional Responsibility (hereinafter referred to as the Board) recommending that respondent be suspended from the bar for a period of five years commencing on July 27, 1976. The Board further recommends that respondent be reinstated at the expiration of that period "only upon a showing of clear and convincing evidence that his disability has been terminated or is controlled to the extent that he is once again fit to resume the practice of law." We adopt the Board's recommendation as to suspension but modify it as to the effective date and burden of proof for reinstatement. The respondent is presently under suspension based upon the representations in his notice of inability to defend himself filed on July 26, 1977, pursuant to Rule XI § 16(4) of the Rules Governing the Bar of the District of Columbia. Respondent has since asserted that he is now capable of defending himself and has filed a Notice of Withdrawal of his previous Notice of Incapacity to Defend.

On October 8, 1976, a petition instituting formal disciplinary proceedings into eleven matters was filed with the Court pursuant to Rule XI, § 8 (now D.C.App. R. XI, § 7) of the above-mentioned Rules. A hearing committee was selected and hearings were held on November 18 and December 16, 1976. The hearing committee made the following findings which were adopted by the Board. These findings are adopted by the Court.

### COUNT I—DOCKET NO. 124–75

Respondent was appointed by the Superior Court to represent Mr. Lee Arrington, who was mistaken for his father and charged with driving while intoxicated. He accepted a $60.00 fee and, thereafter, never took any meaningful action on behalf of his client. We find that respondent neglected the matter entrusted to him in violation of DR 6–101(A)(3). The fee that he obtained for the services he performed is excessive, in violation of DR 2–106. He failed to seek the lawful objectives of his client through reasonably available means in violation of DR 7–101(A)(1), did not carry out the contract of employment that he had entered into for professional services in violation of DR 7–101(A)(3). Further, he failed to respond to inquiries of the Bar Counsel in violation of DR 1–102(A)(5).

### COUNT II—DOCKET NO. 163–75

Respondent was appointed by the Superior Court to represent Mr. Charles Patrick Thornton who was charged with forgery and uttering a check for $1270.00. Thornton's mother entrusted respondent with $1270.00 for the specific purpose of making restitution for her son's forgery and uttering. For over thirteen months to and including the date of the first disciplinary hearing he retained the money in his possession, never having placed it in a trust account. Absent Mrs. Thornton's call to the National Savings and Trust Company, respondent's failure to make restitution would not have been discovered.

We find that respondent's failure to make restitution for over thirteen months constitutes neglect of a legal matter entrusted to him in violation of DR 6–101(A)(3). We also find that respondent's retention of funds and his admitted failure to deposit the $1270.00 in a trust account constitutes failure to preserve the identity of funds of a client in his possession in violation of DR 9–102(A).

### COUNT III—DOCKET NO. 168–75

Respondent was requested to respond to personally delivered letters from the Bar Counsel with respect to a complaint of Jeanettie Best Coates who alleged that re-

spondent failed to take any meaningful action to probate her deceased husband's will. We find that failure to respond constitutes conduct prejudicial to the administration of justice in violation of DR 1–102(A)(5).

## COUNT IV—DOCKET NO. 185–75

Respondent solicited employment and accepted a fee from Mr. Jay Williams who was confined on a charge of non-support. Respondent was made aware that his client's wife wished to drop the action, and that his client would be released if a release order was submitted to the court. Respondent took no action and Williams was released through the efforts of others.

We find that respondent presented himself to the prisoner and solicited employment in violation of DR 2–103. He failed to seek the lawful objectives of his client in violation of DR 7–101(A)(1), and he failed to carry out the contract of employment in violation of DR 7–101(A)(3). Further, he failed to respond to inquiries of the Bar Counsel in violation of DR 1–102(A)(5).

## COUNT V—DOCKET NO. 40–76

Mr. Franklin Delanors Copeland testified that respondent agreed to represent his son in a personal injury case, and periodically advised him that the case was progressing satisfactorily. We find that respondent did agree to represent Mr. Copeland and thereafter neglected a legal matter entrusted to him in violation of DR 6–101(A)(3).

## COUNT VI—DOCKET NO. 272–75

Respondent was requested to respond to the Bar Counsel with respect to the complaint of John A. Cotton who alleged that the respondent failed to take any action to secure the release of his daughter from St. Elizabeth's Hospital or to respond to his inquiries concerning the matter. We find that failure to respond to the Bar Counsel constitutes conduct prejudicial to the administration of justice in violation of DR 1–102(A)(5).

## COUNT VII—DOCKET NO. 277–75

Respondent was requested to respond to the Bar Counsel with respect to the complaint of Tulane B. Howard who alleged that respondent accepted a check made out to and intended for the D.C. Safety Responsibility Division, but never received by them. We find that failure to respond to the Bar Counsel constitutes conduct prejudicial to the administration of justice in violation of DR 1–102(A)(5).

## COUNT VIII

The respondent was suspended from the practice of law for nonpayment of bar dues. He thereafter continued to practice law. He was reinstated four months later when he paid his dues. During that period, respondent frequently did not open mail or return messages. Inasmuch as there was no showing of knowledge of the respondent's part of the suspension, we find that insufficient proof exists that respondent violated DR 1–102(A)(5) or 3–101(B).

## COUNT IX—DOCKET NO. 27–76

Respondent took $100.00 of a proposed $750.00 fee for representing Mr. William R. Clemmons on a charge of driving while intoxicated. Thereafter Mr. Clemmons repeatedly tried to contact the respondent by telephone and mail. We find that the respondent did not make himself reasonably available to his client, and consider such inaccessibility to be neglect within the meaning of DR 6–101(A)(3), and a denial of representation to the client in violation of DR 7–101(A)(2). The fee set and the fee obtained are considered excessive in view of the services rendered and are in violation of DR 2–106(A).

We do not find that the respondent violated DR 1–102(A)(5) and DR 3–101(B) in practicing law while under suspension for the reasons explained above under Count VIII.

## COUNT X—DOCKET NO. 28–76

Respondent accepted $25.00 of a $75.00 fee from Mrs. Elizabeth Suber to represent

her son in a traffic case. She thereafter made reasonable efforts to contact the respondent. We find that he neglected a legal matter entrusted to him and failed to carry out the contract of employment in violation of DR 6–101(A)(3) and DR 7–101(A)(2) respectively.

### COUNT XI—DOCKET NO. 47–76

Respondent agreed to represent Mrs. Lorraine Smith in a personal injury case. He failed to respond to her calls or letters, or take any action on her behalf. We find that the respondent neglected the legal matter entrusted to him in violation of DR 6–101(A)(3).

### COUNT XII—DOCKET NO. 53–76

Respondent accepted a check for $500.00 to represent Mr. Angelo Joseph Cordaro on a charge of driving while intoxicated. Respondent thereafter failed to take any action on behalf of his client. We find that respondent neglected the legal matter entrusted to him in violation of DR 6–101(A)(3).

### CONCLUSION

The hearing committee recommended disbarment. Before the Board began its inquiry, respondent filed a Notice of Inability to Defend pursuant to Rule XI, § 16(4) which states:

> If, during the course of a disciplinary proceeding, the respondent contends that he is suffering from a disability by reason of mental or physical infirmity or illness, or because of addiction to drugs or intoxicants, which makes it impossible for the respondent adequately to defend himself, the Court thereupon shall enter an order immediately suspending the respondent from continuing to practice law until a determination is made of the respondent's capability to continue to practice law in a proceeding instituted in accordance with the provisions of paragraph (3) of this section.

Accordingly, respondent was suspended. Five months later both Bar Counsel and respondent agreed that respondent was capable of defending himself in disciplinary proceedings. He then filed a Notice of Withdrawal of his previously filed Notice of Incapacity to Defend. This Notice of Withdrawal is sufficient to modify our July 27, 1977 suspension order which provided for suspension pending determination of his capacity to practice law in accordance with Rule XI, § 16(3).

The proceedings continued pursuant to Rule XI, § 7, where the respondent's mental condition is a factor to consider in mitigation of his misconduct, to wit:

> If there are any issues of fact raised by the pleadings, or if the respondent *requests the opportunity to be heard in mitigation,* the hearing committee shall serve a notice of hearing upon Bar Counsel and the respondent, or his counsel, stating the date and place of the hearing at least 15 days in advance thereof. The notice of hearing shall advise the respondent that he is entitled to be represented by counsel, to cross-examine witnesses, and to present evidence in his own behalf. [Emphasis supplied.]

Respondent contends that the hearing committee refused to consider his mental condition, and thus he was deprived of a fair hearing. The record does not support this contention. Two motions to supplement the record with materials relevant to his mental condition were granted by the Board. The record notes respondent's serious mental condition prior to and during the period of misconduct. He suffered serious business upsets in which he lost substantial sums of money. These losses, coupled with his first wife's suicide, caused severe and debilitating depression. The Board considered these misfortunes and the resulting depression in determining whether the element of wilfulness or purposeful disregard for his legal matters was contained in his actions. It concluded that the respondent's unfortunate circumstances at the time of the misconduct must be considered in mitigation of, not a defense to, the violative conduct.

We have studied the record, including the supplemental record, the pleadings, and the Findings and Recommendations of the Board and are in agreement with the Board "that there is a strong likelihood that respondent was suffering from a severe form of depression at the time of the misconduct, and that his misconduct was a result of, or at least exacerbated by, his debilitated mental condition." We also conclude, as did the Board, that disbarment is not warranted. Nevertheless, we do not believe respondent's conduct can be excused. As stated earlier, there is substantial evidence that respondent discredited his profession in eleven separate acts of misconduct. This flagrant conduct over an extended period of time reflects negatively on respondent's fitness to practice. The public interest requires the imposition of discipline.

For the foregoing reasons, the respondent is suspended from the practice of law for five years. The effective date of the suspension shall be July 27, 1977, which was the date of respondent's suspension from the bar of this Court pursuant to D.C.App. R. XI, § 16.* It is unnecessary to condition reinstatement on a showing of clear and convincing evidence that the disability has been terminated or controlled as urged by the Board. Rule XI, § 21(5) provides the desired safeguards by placing the burden of showing fitness to practice on the suspended or disbarred attorney who petitions for reinstatement.

*So Ordered.*

---

* The Board's recommendation that respondent be suspended from July 27, 1976 can not be adopted since respondent was, in fact, a practicing member of the bar between July 27, 1976 and July 27, 1977. That recommendation is "unwarranted." *See* § 7(3) of Rule XI, *supra.*