513 A.2d 245 (1986)
In the Matter of Melvin WASHINGTON, Respondent.
No. 85-902.
District of Columbia Court of Appeals.
Argued February 5, 1986.
Decided August 6, 1986.
Fern Flanagan, Asst. Bar Counsel, with whom Thomas H. Henderson, Jr., Bar Counsel, Washington, D.C., was on brief, for the Bd. on Professional Responsibility.
Melvin J. Washington, Washington, D.C., pro se.
Before FERREN, BELSON and STEADMAN, Associate Judges.
STEADMAN, Associate Judge:
The D.C. Board on Professional Responsibility has recommended that attorney Melvin Washington be suspended from practice for a year and a day for several violations of the D.C. Code of Professional Responsibility. Because Washington was *246 not served proper notice of the charges against him, and thus deprived of his full rights before the disciplinary hearing committee, we remand the case for a new hearing.

I.
In October 1984, the Office of Bar Counsel began disciplinary proceedings against attorney Melvin Washington. The charges were brought in two separate petitions. The record contains two "certificates of service" indicating that copies of the disciplinary petitions were sent by certified mail to Washington's office on October 15, 1984 and October 19, 1984. Washington did not file an answer to either petition. The certified letters were returned to Bar Counsel in early November marked "unclaimed".[1]
A hearing on the charges was scheduled for December 11, 1984. Approximately one week before the scheduled hearing, Bar Counsel filed a motion to amend one of the petitions.[2] Washington received a copy of the motion to amend,[3] and requested a continuance of the December 11 hearing. The hearing was postponed until December 20, 1984. Washington appeared at the hearing, but was not allowed to present evidence on his own behalf or cross-examine the witness against him, except on the issue of sanctions. The committee relied on Board on Professional Responsibility (hereafter "Board") Rule 7.5, which implements the provision of D.C. Bar Rule XI § 7(2) that disciplinary charges not answered are "deemed admitted". See note 7 infra. Washington objected. He claimed that he had not answered the disciplinary petitions because he was never served with them, and that he had no notice of the pending proceeding until he received notice of the scheduled hearing and Bar Counsel's motion to amend.[4] The hearing committee rejected Washington's argument, noting for the record that copies of both petitions were sent to Washington via certified mail and were returned unclaimed.[5] After an ex parte evidentiary hearing, the hearing committee found Washington guilty of the disciplinary violations charged, and recommended that he be suspended from practice for a year and a day. The Board adopted the hearing committee's findings and recommendations without further hearing.[6]

*247 II.
Washington argues that he was denied due process of law, because the hearing committee refused to allow him an opportunity to defend himself at the disciplinary hearing against the "admitted" charges.[7] We do not need to reach this constitutional question, because we conclude that the notice and hearing procedures established by statute and rule were not properly applied.
D.C. Bar Rule XI § 7(2), with corresponding Board Rules 7.4 and 7.5, provides that the attorney must file an answer within twenty days "after service of the petition" and in the event the attorney fails to answer, the charges shall be "deemed admitted". Thus, proper service of the petition containing the charges is a normal prerequisite to the application of the "deemed admitted" provision.
Our power to discipline members of the bar flows from and may be circumscribed by statute. The relevant statutory provision in this case is found in D.C. Code § 11-2503(b) (1981), which focuses specifically on service of disciplinary charges, and provides that such charges "shall be served upon the [attorney] personally, or if it is established to the satisfaction of the [Court of Appeals] that personal service cannot be had, a certified copy of the charges . . . shall be served upon him by mail, publication, or otherwise as the court directs."[8] In D.C. Bar Rule XI § 12,[9] we promulgated *248 a general rule[10] governing notices to attorneys which authorizes service by registered or certified mail as an alternative to personal service. Our D.C. Bar Rule XI § 12 does not speak solely to service of charges, controlled by D.C.Code § 11-2503(b); rather, it applies to all notices of whatever type to attorneys that may be required by the various provisions of our Bar Rules.[11] Ordinarily, such service by registered or certified mail is an adequate method of giving notice.[12] Even with respect to the service of charges, where a postal employee has in fact delivered a certified or registered letter containing the charges personally to the attorney such delivery constitutes notice "served upon the [attorney] personally" within the requirement of § 11-2503(b).[13] However, a rule of course cannot override the command of § 11-2503(b). When certified or registered mail serves as the basis for attempted service of the charges, as required by § 11-2503(b),[14] and Bar Counsel has knowledge that the charges so served have not reached the attorney, the statutorily mandated service plainly has not been perfected. Without more,[15] the provision of D.C. Bar Rule XI § 7 and Board Rule 7.5, providing that the charges are deemed admitted, may not be invoked.
In this case, there is no evidence to show that Washington received actual notice of the charges against him. The only available evidence  the returned certified letters  indicates that he did not. When the certified mail letters were returned undelivered, and it became obvious that Washington may not have received notice of the charges against him, Bar Counsel should *249 have tried to serve Washington in person.[16] There is nothing in the record to indicate that Bar Counsel took any steps whatever when the certified mail came back unclaimed. Although Washington had moved out of the office to which the certified letters were addressed, he was and apparently still is practicing law in the District of Columbia. There is no evidence to show that Washington left the District, deliberately refused to pick up certified mail, or otherwise attempted to evade service. In fact, he contacted the Board at the beginning of December 1984 and provided a new office address where he could be reached, and appeared for a hearing once he received notice of the charges. On the facts of this case, we are compelled to hold that the patently failed attempt at personal service by certified mail was not adequate under § 11-2503(b) and Bar Rule XI § 12[17] to permit a holding that Washington had admitted the charges and thus was precluded from participating in the hearing on the merits.
We therefore remand the case for a full hearing on the merits.
So ordered.
NOTES
[1] The certified letters were mailed to 1100 6th Street N.W. Washington explained to the committee that he kept an office at that address until the fall of 1984, when he fell behind on the rent. Washington moved to a new office at 2876 Eastern Avenue at the beginning of December 1984, and notified the Board of his new address at that time.
[2] The proposed amendment clarified the relationship between two of the complaining parties, but did not allege any additional charges against Washington.
[3] The motion to amend was apparently mailed to Washington's new office address. We cannot be certain, because the motion is not part of the record.
[4] The dates of these notices cannot be determined from the record. Washington told the hearing committee that he expected that the hearing would be on Bar Counsel's motion to amend, and that he would then have time to answer the amended petitions.
[5] Bar Counsel also noted that additional copies of the petitions were sent to Washington's 6th Street office via regular mail, and that there was "no evidence" to show that the regular mail was returned undelivered.
[6] Ordinarily, an attorney who fails to present objections to the Board waives the right to present them for the first time to this court. See, e.g., In re Hines, 482 A.2d 378, 383-84 (D.C. 1984). In this case, Washington asserted (both in a motion for extension of time filed in this court and at oral argument) that he did not receive a copy of the hearing committee report prior to the time that the Board issued its recommendations to this court. The Board's own Rule 13.1 provides that the respondent attorney shall be sent a copy of the hearing committee report. If no exceptions are timely filed, the parties waive their rights to briefing and oral argument, and the Board takes action based on the record. Board Rule 13.4.

There is no evidence in the record to indicate that Washington received a copy of the hearing committee report, or any other actual notice of the proceedings before the Board. Washington requested the Board to reconsider its report after it was filed with this court. Under these circumstances, we proceed on the theory that Washington has not waived his right to present objections here.
[7] The Hearing Committee held an ex parte hearing, notwithstanding the "admitted" charges, pursuant to our decision in In re Williams, 464 A.2d 115, 119 (D.C.1983), and Board Rule 7.5, which provides:

Where respondent does not file an answer, respondent shall be foreclosed from contesting the factual allegations in the petition. If the petition is based upon an oath made upon personal knowledge, the facts shall be deemed established as alleged in the petition. If the petition is based upon an oath made upon other than personal knowledge, Bar Counsel shall present competent ex parte proof of the factual allegations in the petition. A respondent who has not filed an answer may attend the entire hearing but may present only a plea or testimony in mitigation of sanction.
[8] This statutory provision was originally enacted in 1920 applying to the old Supreme Court of the District of Columbia 41 Stat. 561, sec. 220. Its wording was virtually the same as the present D.C. Code § 11-2503(b), except that it specified that the charges must be served upon the bar member personally "by the marshal or such other person as the court may designate." The quoted phrase was omitted in the 1970 enactment of present § 11-2503(b).

Prior to April 1, 1972, attorney disciplinary matters for the District were the responsibility of the United States District Court. 84 Stat. 597. Its Rule 94 contemplated that the disciplinary hearing would be held by the court. With respect to service, the rule provided:
(e) . . . The summons and a copy of the charges shall be served by the Marshal, except as hereinafter provided. The respondent shall answer the charges within twenty (20) days from the date of the service upon him; otherwise the charges may be taken as confessed, and hearing had thereon ex parte at a time fixed by the Court.
(f) . . . If any respondent cannot be served in the District of Columbia, service may be had in the manner provided by the statutes of the District of Columbia for service of process on a non-resident, or absent, defendant. [9 D.C. Code Encyc. 156 (1967)].
Our original form of rules governing the Bar of the District of Columbia, which set up hearing committees in substantially the present form, provided that "in the event a respondent-attorney cannot be personally served with notices required under these rules, such notices shall be given in accordance with applicable law." D.C.Bar Rule XI § 12 (1971) [found in the 1976-77 Supplementary Pamphlet to volume 8, D.C. Code Encyc.] We subsequently amended Bar Rule XI § 12 to its present form. See note 9 infra.
This entire history reflects a consistent concern that the attorney receive actual notice of the charges, with a strong emphasis on personal service.
[9] D.C.Bar Rule XI § 12 provides:

Service upon the respondent-attorney of notices required under these Rules shall be made by personal service by any person authorized by the Chairman of the Board, or by registered or certified mail to the address shown in the most recent registration statement filed by respondent pursuant to Rule II, § 2, or other last known address.
Service of any other paper or notices required by these Rules shall, unless otherwise provided by these Rules, be made in accordance with Rule 5 of the Civil Rules of the Superior Court of the District of Columbia.
[10] D.C.Code § 11-2501(a) (1981) gives us authority to promulgate rules to implement the bar statutes.
[11] The Board on Professional Responsibility has adopted Rule 7.2, dealing specifically and solely with service of disciplinary petitions. It provides:

A copy of the petition shall be served on respondent by personal service or alternatively by registered or certified mail at the address in the most recent registration statement filed by respondent under Section 2 of Rule II of the Rules Governing the Bar. An additional copy of the petition shall be mailed by registered or certified mail to respondent's last known address if different from the address on the registration statement. Service in this manner of a petition on a secretary, receptionist, or other person ordinarily authorized to receive mail and telephone messages on behalf of respondent shall be adequate service on respondent. The signature of a secretary, receptionist, or other person ordinarily authorized to receive mail and telephone messages on behalf of respondent shall be conclusive evidence of service on respondent. Service by registered or certified mail, if otherwise proper, shall not be defeated by the return of the mail showing it as unclaimed.
As will become apparent from this opinion, this rule conflicts with § 11-2503(b) and D.C. Bar Rule XI § 12 as interpreted. Its last sentence cannot be applied literally as written.
[12] We have previously approved certified mail service in other contexts, because it is "reasonably calculated to give adequate notice" of pending proceedings. See Caravel Office Building Co. v. Peruvian Air Attache, 347 A.2d 280, 283 (D.C.1976); see also Briggs v. Goodwin, 186 U.S. App.D.C. 179, 569 F.2d 10 (1977); Fed.R.Civ.P. 4(c)(2)(C)(ii); Note, Service of Process By Mail, 74 Mich.L.Rev. 381 (1975).
[13] If necessary, Bar Counsel in such cases should be prepared to prove such personal service by the postal employee by a signed return receipt or otherwise.
[14] The wording of § 11-2503(b) leaves it unclear whether the requirement of personal service extends also to notice of the time for hearing. We conclude that it does not. The "order" mentioned in the sentence requiring personal service refers back to the "order" that the charges be filed as provided for in the preceding sentence. It is this filing of the charges that commences the formal proceedings against the bar member. The notice of the time of hearing can be given in whatever manner an implementing rule may provide. The implementing rule in this case is D.C. Bar Rule XI § 12.
[15] This case thus differs from In re Dorsey, 469 A.2d 1246, 1247 (D.C.1983) (Board made "ample efforts" to serve attorney, who left town and provided no forwarding address at either his home or office), and In re Williams, 464 A.2d 115, 117 n. 2 (D.C.1983) ("Bar Counsel [made] numerous attempts to notify respondent of the charges"; Board's finding that respondent received notice was supported by substantial record evidence). See note 16 infra.
[16] Indeed, in any case where an answer is not timely filed after service by certified or registered mail, and clear proof is lacking that the mail was personally delivered to the attorney, Bar Counsel would be prudent to attempt personal service other than by mail. Only if such efforts fail, so that it is clear that "personal service cannot be had", in the words of § 11-2403(b), should any reliance be placed upon the certified or registered mail service authorized by our Bar Rule XI § 12, as further implemented in Board Rule 7.2. Cf. cases cited in note 15 supra. We do not reach here other circumstances where the lack of proper personal service of charges may perhaps be overcome, such as where the attorney has in fact received actual notice of the charges, nor do we here express any views as to the extent to which personal service may be effected by service upon, for example, an agent of the attorney. See Board Rule 7.2, note 11 supra. In future difficult or doubtful cases of service not covered by present rules, as they may be amended, directions may be sought from this court as contemplated by § 11-2503(b).
[17] Bar Counsel also argues that Washington must have received copies of the petitions sent to his 6th Street office via regular mail, because the regular mail letters were not returned undelivered. Service by regular mail is not authorized under either D.C. Code § 11-2503(b) or Bar Rule XI § 12, and in any event there is no evidence that Washington ever received actual notice from those regular mail letters.