**In re Dorothy W. JONES, Respondent.**

**No. 87–252.**

District of Columbia Court of Appeals.

Submitted June 5, 1987.

Decided Dec. 2, 1987.

Dorothy W. Jones, pro se.

Thomas H. Henderson, Jr., Bar Counsel at the time the case was submitted, and Michael S. Frisch, Asst. Bar Counsel, Washington, D.C., entered appearances for petitioner, the Office of Bar Counsel.

Before TERRY and ROGERS, Associate Judges, and NEBEKER, Associate Judge, Retired.[*]

**PER CURIAM:**

In May 1986 Bar Counsel filed with the Board on Professional Responsibility a two-count petition against respondent Jones. The first count alleged that she had violated Disciplinary Rule (DR) 6–101(A)(3) by neglecting a legal matter[1] and DR 1–102(A)(5) by failing to respond to the legitimate inquiries of Bar Counsel.[2] The second count alleged an additional violation of DR 1–102(A)(5), again by failing to respond to the legitimate inquiries of Bar Counsel. In accordance with D.C.Bar R. XI, § 7(2), a

---

[*] Judge Nebeker was an Associate Judge of this court at the time this case was submitted. His status changed to Associate Judge, Retired, on September 1, 1987.

1. DR 6–101(A) provides in part:
    A lawyer shall not:
       *    *    *    *    *    *

    (3) Neglect a legal matter entrusted to [her].

2. DR 1–102(A) provides in part:
    A lawyer shall not:
       *    *    *    *    *    *

    (5) Engage in conduct that is prejudicial to the administration of justice.

hearing committee of the Board held an evidentiary hearing. Jones, however, did not attend that hearing, nor did counsel appear on her behalf. The hearing committee found that she had committed the violations alleged by Bar Counsel and recommended that she be suspended for six months from the practice of law. Jones made no objection to the hearing committee's findings or its recommendation. The Board, in turn, adopted both the findings of the hearing committee and its recommendation for a six-month suspension, again without objection from Jones. In this court Jones has not filed a brief or challenged the Board's findings and recommendation in any way.

■■■ We incorporate by reference the report of the Board, which is attached to this opinion as Appendix I. Because the Board's findings are supported by substantial evidence, we are bound to accept them. *See, e.g., In re Smith,* 403 A.2d 296, 302–303 (D.C.1979). In considering the recommended sanction, we note that Jones not only has failed to contest the current charges but also has a past record of disciplinary violations, *see In re Jones,* 521 A.2d 1119 (D.C.1986), which may properly be taken into account in imposing a sanction here. *In re Rosen,* 481 A.2d 451, 455 (D.C. 1984) (citing cases); *In re Roundtree,* 467 A.2d 143, 148 (D.C.1983). We conclude that the Board, in the exercise of its discretion, has made a reasonable recommendation, and accordingly we adopt it. *See In re Hines,* 482 A.2d 378, 386 (D.C.1984); *In re Smith, supra,* 403 A.2d at 303.

It is therefore ORDERED that respondent, Dorothy W. Jones, is hereby suspended from the practice of law in the District of Columbia for a period of six months. Her suspension shall take effect thirty days from the date of this opinion. D.C. Bar. R. XI, § 19(3).

TERRY, Associate Judge, concurring:

I join in the court's opinion and order, but with some misgivings. I am quite troubled by the notion that failure to respond to an inquiry from Bar Counsel, however legitimate that inquiry may be, may be deemed a violation of DR 1–102(A)(5). I do not believe this rule provides adequate notice that such an omission is punishable as a disciplinary violation, separate and distinct from the substantive violation which Bar Counsel may be investigating. Due process requires more. Specifically, it requires "that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he [or she] may act accordingly." *Grayned v. City of Rockford,* 408 U.S. 104, 108, 92 S.Ct. 2294, 2298–99, 33 L.Ed.2d 222 (1972); *accord, e.g., United States v. Harriss,* 347 U.S. 612, 617, 74 S.Ct. 808, 812, 98 L.Ed. 989 (1954); *Lanzetta v. New Jersey,* 306 U.S. 451, 453, 59 S.Ct. 618, 619, 83 L.Ed. 888 (1939); *Connally v. General Construction Co.,* 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322 (1926); *Woods v. District of Columbia Nurses' Examining Board,* 436 A.2d 369, 373–374 (D.C.1981). In my view, DR 1–102(A)(5) does not meet this constitutional standard when applied to an attorney's mere failure to respond to an inquiry from Bar Counsel.

There are, to be sure, several cases—one of which involved this same respondent—in which this court has imposed disciplinary sanctions under DR 1–102(A)(5) for failure to respond to Bar Counsel's inquiries. *In re Jones,* 521 A.2d 1119 (D.C.1986); *In re Haupt,* 444 A.2d 317 (D.C.1982); *In re Lieber,* 442 A.2d 153 (D.C.1982); *In re Whitlock,* 441 A.2d 989 (D.C.1982); *In re Russell,* 424 A.2d 1087 (D.C.1980); *In re Willcher,* 404 A.2d 185 (D.C.1979). But none of the respondents in those cases offered any challenge, constitutional or otherwise, to the use of DR 1–102(A)(5) in this manner. Thus the constitutionality of DR 1–102(A)(5), as applied to failure-to-respond situations, remains an open question.

The one case in which this issue has been raised before this court is *In re James,* 452 A.2d 163 (D.C.1982), *cert. denied,* 460 U.S. 1038, 103 S.Ct. 1429, 75 L.Ed.2d 789 (1983). In *James,* however, the respondent attorney had failed to raise it before the Board, and as a result we held that it had been waived. *Id.* at 168. What happened in *James* happened in this case as well. Re-

spondent Jones not only failed to raise this issue before the Board; she failed to raise *any* issue before the Board. She has not filed any pleadings or appeared, either personally or by counsel, before the hearing committee, the Board, or this court. In these circumstances *James* precludes us from addressing the due process question here.

I write this separate opinion because I have serious doubts about treating an attorney's failure to respond to the inquiries of Bar Counsel as a separate disciplinary violation, although it may well have some bearing on the sanction which the court chooses to impose. Sooner or later someone will preserve his or her right to raise the issue in this court, and then we shall be forced to consider it.

NEBEKER, Associate Judge, Retired, concurring:

I write to disassociate myself from Judge Terry's invitation for a case presenting an issue about which he has an opinion. Should a disciplinary case be presented in the future where failure to respond to Bar Counsel's inquiry is charged under DR 1–102(A)(5), I have little doubt that members of the Bar are now on notice of "what is prohibited" even though Judge Terry would have it otherwise. After he expressed a desire to expound on this point in a separate concurrence, Bar Counsel was requested to file a supplemental memorandum addressing it. I attach it as Appendix II so the Bar may be on notice as to this court's interpretation of DR 1–102(A)(5). *See Wainwright v. Stone,* 414 U.S. 21, 22, 94 S.Ct. 190, 192, 38 L.Ed.2d 179 (1973). The Bar will also be on notice that Bar Counsel will, as he has done, charge as a separate violation of DR 1–102(A)(5) failure to respond to his inquiry. This issue of adequate notice should now be deemed closed.

1. Respondent filed no answer to the petition. A timely motion was filed by Bar Counsel to have the charges deemed admitted for failure to respond pursuant to Board Rule 7.5. The Hearing

APPENDIX I

DISTRICT OF COLUMBIA COURT OF APPEALS BOARD ON PROFESSIONAL RESPONSIBILITY

Bar Docket Nos.: 291–85

173–85

IN THE MATTER OF: DOROTHY W. JONES, RESPONDENT.

REPORT AND RECOMMENDATION OF THE BOARD ON PROFESSIONAL RESPONSIBILITY

This matter is before the Board on Professional Responsibility on the report of Hearing Committee Number Seven, which on November 26, 1986, recommended that Respondent be suspended from the practice of law for six months.

In May 1986, Bar Counsel filed a two-count petition against Respondent involving two different complainants. In the petition, Bar Counsel alleged violations by Respondent of the following:

*Count I*
DR 6–101(A)(3)—neglect of a legal matter
DR 1–102(A)(5)—failure to respond to the legitimate inquiries of Bar Counsel

and

*Count II*
DR 1–102(A)(5)—failure to respond to the legitimate inquiries of Bar Counsel

An evidentiary hearing in this matter was held on July 16, 1986. Respondent did not appear at the hearing, nor was she represented by counsel.[1]

The Hearing Committee concluded that Respondent had violated DR 6–101(A)(3) and DR 1–102(A)(5) as charged by Bar Counsel and recommended that Respondent be suspended from the practice of law for six months. The Board on Professional Responsibility agrees with the Hearing Committee's findings of fact, conclusions of law, and recommended sanction.

Committee granted Bar Counsel's motion and heard *ex parte* proof in the matter pursuant to *In re Williams,* 464 A.2d 115 (D.C.1983).

*Facts*

## Count I

On January 11, 1982, Respondent was appointed by the Honorable H. Carl Moultrie, as successor guardian of the estate of Amanda Hall, a minor, in Guardianship No. 82–72. On that date, Respondent signed a bond which acknowledged notice of her appointment as successor guardian (BX 2).

As successor guardian, Respondent was required to file a first accounting with the Probate Division of the Superior Court of the District of Columbia (Rule 305 (a) and (e) of the Superior Court Rules of Civil Procedure). Respondent failed to file the required accounting pursuant to the Superior Court rules.

On March 14, 1985, a hearing was held before Judge Iraline Barnes with regard to Respondent's failure to file the accounting. Following the hearing, an Order for Removal was entered by Judge Barnes removing Respondent as successor guardian. Judge Barnes' Order was referred to the Board on Professional Responsibility.

On August 18, 1985, Bar Counsel mailed a copy of the Order for Removal to Respondent. Respondent was directed to respond on or before August 23, 1985. Respondent did not respond to Bar Counsel's letter.

On August 27, 1985, Bar Counsel mailed another copy of the Order for Removal to Respondent and again directed her to respond by September 5, 1985. Respondent did not respond to Bar Counsel's letter.

On September 13, 1985, Bar Counsel again directed Respondent to respond to the allegations of misconduct within five days. In this letter, she was specifically advised that her failure to respond could result in a formal charge of failure to respond to the legitimate inquiries of Bar Counsel. Respondent did not respond to this letter.

On September 25, 1985, Bar Counsel once again directed respondent to reply within five days and once again warned her that her failure to respond could result in a formal charge. Respondent did not respond to this letter.

On September 26, 1985, Assistant Bar Counsel personally served Respondent with a copy of the allegations and directed her to respond within ten days. Respondent did not respond.

## Count II

In August, 1983, Respondent was retained by Minnie Chambers to assist her in filing a petition for probate on behalf of the estate of William Chambers. Respondent prepared the petition for probate, naming Mrs. Chambers as personal representative (BX 10).

On August 19, 1983, an order was entered by Judge Barnes appointing Mrs. Chambers as personal representative.

On May 3, 1985, an order was entered by Judge Barnes removing Mrs. Chambers as personal representative for her failure to file a first accounting. A copy of the order of removal was sent to Respondent.

On May 2, 1985, Mrs. Chambers filed a complaint concerning Respondent's representation with the Office of Bar Counsel.

On May 21, 1985, Bar Counsel forwarded a copy of Mrs. Chambers' complaint to Respondent and directed Respondent to respond to the allegations of misconduct on or before May 31, 1985. Respondent did not respond to the letter.

On June 21, 1985, and August 19, 1985, Bar Counsel again wrote Respondent and directed her to respond to the allegations. In both letters, Respondent was specifically warned that her failure to respond could result in a formal charge of failure to respond to the legitimate inquiries of Bar Counsel (BX 15 and 16). Respondent did not respond to either letter.

On September 26, 1985, Assistant Bar Counsel personally served Respondent with a copy of the allegations and directed Respondent to respond within ten days. Respondent did not respond.

On June 18, 1986, the Petition Instituting Formal Disciplinary Proceedings in Bar Docket Nos. 291–85 and 173–85 was personally served on Respondent at her home.

## Discussion

Respondent failed to answer the petition and failed to appear before the Hearing Committee, although she was properly served with the petition and notified of the hearing. The allegations of misconduct set forth in the petition were supported by clear and convincing evidence provided by Bar Counsel, were uncontested by the Respondent, and were therefore deemed admitted pursuant to Rule XI, Section 7(2) and Board Rule 7.5.

### DR 6–101(A)(3) Violation

Respondent had been appointed by the Court as guardian of an estate. As guardian, Respondent was required to file reports with the Probate Division of the Superior Court of the District of Columbia (Rule 305(a) and (e) of the Superior Court Rules of Civil Procedure). Respondent failed to file a first accounting with the Probate Division and accordingly, the Court removed her as guardian of the estate. In a prior matter involving this same Respondent, the Court has held that failure to file such reports—and therefore failure to carry out one of the core fiduciary functions required of guardians—constitutes neglect of a legal matter. *In re Jones*, 521 A.2d 119 (D.C.App.1986). Similarly, the Court has stated that the unexcused failure to perform a required function demonstrates proof of neglect. *In re Banks*, 461 A.2d 1038 (D.C.1983).

The Hearing Committee concluded that Respondent's conduct in the instant case clearly and convincingly constituted neglect of a legal matter in violation of DR 6–101(A)(3). The Board agrees.

### DR 1–102(A)(5) Violation

A respondent has an affirmative duty to respond to the legitimate inquiries of Bar Counsel during the course of a disciplinary investigation. There is substantial evidence on the record as a whole that Respondent was aware of her obligations to file with Bar Counsel written responses regarding the allegations of ethical misconduct. Respondent was personally served with a copy of the complaint and directed to respond. She did not respond. It is undisputed that Respondent failed to respond to any of the written inquiries directed to her by Bar Counsel.

The Hearing Committee concluded—and we agree—that Respondent repeatedly failed to respond to the legitimate inquiries of Bar Counsel in the course of his investigation. Respondent's conduct addressed in Count I and Count II of the petition, which Bar Counsel proved by clear and convincing evidence, constituted conduct prejudicial to the administration of justice in violation of DR 1–102(A)(5). *In re Whitlock*, 441 A.2d 989 (D.C.1982); *In re Lieber*, 442 A.2d 153 (D.C.1982); *In re Haupt*, 444 A.2d 317 (D.C.1982); and *In re Jones, supra.*

### Prior Discipline

Respondent has a significant record of prior discipline. In July 1982, Respondent received an informal admonition based upon her conduct in assisting a lawyer, who was unlicensed in this jurisdiction, in engaging in the unauthorized practice of law in violation of DR 3–101(A).

In May, 1983, Respondent received another informal admonition—this time for the violation of two disciplinary rules: 1) DR 3–101(A) for assisting an attorney, a non-member of the District of Columbia Bar, in the unauthorized practice of law in this jurisdiction; and 2) DR 6–101(A)(2) by handling a legal matter without preparation adequate in the circumstances.

In September, 1986, Respondent was publicly censured by the District of Columbia Court of Appeals (521 A.2d 119) for the violation of three disciplinary rules: 1) DR 1–102(A)(5), conduct prejudicial to the administration of justice; 2) DR 6–101(A)(3), neglect of a legal matter; and 3) DR 9–103(B)(3), failure to maintain complete client records. The public censure case, which concerns Respondent's conduct that had occurred during 1981 and 1982, parallels the case now before the Board in several respects. The public censure case involved the following facts: In 1981, Respondent had been appointed Conservator of the estate and the person of Claire P.

Chatham. Respondent had failed to file an Inventory Report due in November 1981 and had failed to file an accounting due in February 1982. These reports are required by Rule 305(a) of the Superior Court Rules of Civil Procedure. The Court removed Respondent as Conservator on July 6, 1982. Respondent had not appeared at the hearing before the Court on the matter of her removal.

*Sanction*

On the basis of the uncontested violations in the instant case—coupled with Respondent's long record of prior discipline, we endorse the recommendations of Bar Counsel and the Hearing Committee that Respondent be suspended from the practice of law for a period of six months.

Respondent's stony silence on matters involving her professional conduct is particularly troubling to the Board. Respondent has voluntarily chosen to ignore the disciplinary process by failing to respond to Bar Counsel in the course of investigations. In addition, we note that Respondent did not appear at the formal proceeding concerning charges before the Hearing Committee. Her total unresponsiveness suggests, at the very least, a callous indifference of her ethical obligations toward her clients, Bar Counsel, the Board, and the Court.

More importantly, Respondent has compiled a five year history with the disciplinary system. In the public censure case, Respondent engaged in neglect during the period 1981–82. In the instant case Respondent's neglect began in 1982 and continued until March 1985, when the Court ordered her removal as guardian of an estate. Her failure to respond to the legitimate inquiries of Bar Counsel occurred in 1985 and 1986. In view of Respondent's conduct over a significant period of time—combined with her apparent failure to learn from past mistakes—a substantial period of suspension is warranted.

In the Board's view, a suspension of six months is consistent with discipline imposed for similar behavior in other cases in this jurisdiction. In *In re Lieber*, 442 A.2d 153 (D.C.1982), the Court ordered a six month suspension for neglect of a legal matter and engaging in conduct prejudicial to the administration of justice. In *In re Whitlock*, 441 A.2d 989 (D.C.1982), the Court ordered the respondent suspended for neglect of two legal matters, failure to seek the lawful objectives of two clients, failure to carry out a contract of employment for professional services, and failure to comply with Court orders and to respond to the legitimate inquiries of Bar Counsel. In *In re Russell*, 424 A.2d 1087 (D.C.1980), the Court ordered a six-month suspension for neglect of a legal matter which was aggravated by the respondent's failure to respond to the legitimate inquiries of Bar Counsel.

For the reasons set forth above, the Board on Professional Responsibility recommends that the Court enter an order suspending Respondent from the practice of law for six months.

BOARD ON PROFESSIONAL RESPONSIBILITY
By: /s/ Ann Keep

Date: February 6, 1987

All members of the Board concur in this Report and Recommendation, except Dr. Alexander who did not participate.

## APPENDIX II

### No. 87–252

IN THE MATTER OF: DOROTHY W. JONES, RESPONDENT

A Member of the Bar of the District of Columbia Court of Appeals

### BAR COUNSEL'S BRIEF

Bar Counsel respectfully files this brief in response to the letter directed to counsel under date of August 28, 1987, with respect to the above-numbered matter. It is requested that Bar Counsel address the question of whether Disciplinary Rule 1–102(A)(5) provides adequate notice, to satisfy due process demands, that failure to respond to or cooperate with Bar Counsel during a discipline proceeding is conduct prejudicial to the administration of justice. Bar Counsel submits that, both as a general proposition and under the facts of this case, due process has been satisfied and

the court should sustain the finding of the Board on Professional Responsibility that Respondent engaged in conduct prejudicial to the administration of justice.

A criminal statute is impermissibly vague if it fails to give a person of ordinary intelligence fair notice that particular contemplated conduct is forbidden by the rule. *United States v. Harriss*, 347 U.S. 612, 617, 74 S.Ct. 808, 812, 98 L.Ed. 989 (1954). The doctrine is grounded in the due process requirement of fair notice and warning. *Parker v. Levy*, 417 U.S. 733, 752, 94 S.Ct. 2547, 2560, 41 L.Ed.2d 439 (1974). Generally, no complaint of vagueness or lack of notice will lie where the acts committed were among those that prior cases held covered by the statute in question. *Wainwright v. Stone*, 414 U.S. 21, 22, 94 S.Ct. 190, 192, 38 L.Ed.2d 179 (1973).

The disciplinary rules are treated somewhat differently than criminal statutes for purposes of determining whether a particular rule is void for vagueness. In *In re Keiler*, 380 A.2d 119 (D.C.1977), the court rejected the argument that the prohibition against conduct prejudicial to the administration of justice was unconstitutionally vague. In sustaining the finding of misconduct, the court stated:

> The rule was written by and for lawyers. The language of a rule setting guidelines for members of the bar need not meet the precise standards of clarity that might be required of rules of conduct for laymen.

*Id.* 126. The court noted that Disciplinary Rule 1–102(A)(5) has withstood challenge in a number of jurisdictions where a void for vagueness argument was presented. *Id. See Howell v. State*, 559 S.W.2d 432, 436 (Tex.Civ.App.1977) (conduct prejudicial to administration of justice may consist of acts "too numerous to list"); *Matter of Smith*, 268 S.C. 259, 233 S.E.2d 301, 304 (1977); *In re Rook*, 276 Or. 695, 556 P.2d 1351, 1357 (1976); *State v. Nelson*, 210 Kan. 637, 640, 504 P.2d 211, 214 (1972)

(holding that word "prejudicial" sufficiently defines degree of conduct which is expected of an attorney).

In Minnesota, the rules of procedure specifically impose a duty of cooperation on respondents in disciplinary proceedings. The rule was challenged in *In re Charges of Unprof. Cond. against N.P.*, 361 N.W. 2d 386 (Minn.), *appeal dismissed*, 474 U.S. 976, 106 S.Ct. 375, 88 L.Ed.2d 330 (1985). The duty to comply with reasonable requests for information was upheld as sufficiently clear and precise.[1]

The court should conclude that the disciplinary rule provided adequate notice to Respondent for two separate reasons. First, this court has previously held that failure to respond to the legitimate inquiries of the Bar Counsel constitutes conduct prejudicial to the administration of justice, thereby providing adequate notice to members of the bar of the proscribed conduct. In *In re Whitlock*, 441 A.2d 989 (D.C.1982), the court found the record to support findings of intentional failure to cooperate with Bar Counsel and the disciplinary process, thereby establishing a violation of the disciplinary rule. *Id.* 992. Likewise, in *In re Lieber*, 442 A.2d 153 (D.C.1982), the court found ample evidence to support the conclusion that the attorney's failure to cooperate with Bar Counsel constituted conduct prejudicial to the administration of justice. *Accord, In re Fitzgerald*, No. 86–1701 (D.C. May 8, 1987); *In re Willcher*, 404 A.2d 185, 187 (D.C.1979). Indeed, this court has previously censured this same Respondent for, *inter alia*, conduct prejudicial to the administration of justice for failure to respond to Bar Counsel's legitimate written inquiries. *In re Jones*, 521 A.2d 1119 (D.C.1986) (adopting and incorporating by reference the report of the Board on Professional Responsibility).

Second, if the fair notice and warning requirements were not satisfied by the pri-

---

1. No violation of the duty is found where the attorney asserts a good faith challenge to the request for information. *Id.* 394. The Board on Professional Responsibility has adopted this position. *In re Confidential*, Bar Docket No. 215–85 *et al.* (B.P.R. Apr. 23, 1987) (finding no violation of DR 1–102(A)(5) for failure to produce documents in response to subpoena where Bar Counsel did not seek judicial enforcement of subpoena).

or case law, any concern in that regard is allayed by the notice provided to Respondent by Bar Counsel prior to the institution of formal disciplinary proceedings. Two matters involving this Respondent were under investigation. In both matters, several letters were directed to the Respondent. In each letter, the Respondent was specifically advised that failure to respond to Bar Counsel's request for information would constitute conduct prejudicial to the administration of justice. (BX[2] 7, 8, 9, 14, 15, 16). The record conclusively demonstrates that Respondent was personally advised by Assistant Bar Counsel that her failure to respond could result in her prosecution for failure to cooperate with Bar Counsel.[3] (BX 17).

Thus, the requirements of fair notice and warning are satisfied by the prior pronouncements of this court as well as the actual notice provided to Respondent prior to the institution of disciplinary proceedings. The disciplinary rule has previously withstood challenge as void for vagueness. The finding by the Board on Professional Responsibility that this Respondent engaged in conduct prejudicial to the administration of justice by failing to cooperate with Bar Counsel is supported by substantial evidence of record. D.C.App. Rule XI § 7(3). Accordingly, this court should accept the findings of fact and uphold the violation found.

> Respectfully submitted,
>
> /s/ Thos. H. Henderson, Jr.
> THOMAS H. HENDERSON, JR.
> Bar Counsel
>
> /s/ Michael S. Frisch
> MICHAEL S. FRISCH
> Assistant Bar Counsel
> Office of Bar Counsel
> 515 Fifth Street, N.W.
> Building A, Room 127
> Washington, D.C. 20001
> Telephone: 638–1501

**2.** BX refers to the bar exhibits accepted into evidence at the hearing held on July 16, 1986.

**3.** The case does not present the issue of whether actual notice by the Respondent is required in order to find the violation. *Cf. In re Washington,* 513 A.2d 245 (D.C.1986).