## In re Sigismund WYSOLMERSKI, Esq.

[702 A.2d 73]

No. 96-597

July 25, 1997. Respondent Sigismund Wysolmerski challenges the Professional Conduct Board's recommendation that he be suspended from legal practice for three years. He argues that this recommendation is unduly harsh and does not take several mitigating factors into account. We agree with the Board's recommendation and, accordingly, impose the three-year suspension.

Respondent does not dispute the conduct that led to these disciplinary proceedings. The Board found that between 1985 and 1993 respondent violated numerous provisions of the Code of Professional Responsibility while serving five clients. Among these violations, respondent acted without clients' approval and bound them to unauthorized settlements. See DR 7-101(A)(1), 1-102(A)(5) (lawyer shall not intentionally fail to seek clients' lawful objectives through reasonably available means; lawyer shall not engage in conduct prejudicial to administration of justice). He misrepresented to other attorneys his authority to bind clients, and lied to clients about the status of their cases. See DR 1-102(A)(4) (lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation). He knowingly made false statements to other attorneys and to courts. See DR 7-102(A)(5) (lawyer shall not knowingly make false statements of fact while representing client). He failed to keep in contact with clients and inform them of their legal obligations, failed to file a promised lawsuit, and failed to forward settlement offers and court papers. See DR 6-101(A)(3) (lawyer shall not neglect entrusted legal matters). Respondent otherwise did not fulfill his professional contracts with clients, as required by DR 7-101(A)(2), and engaged in conduct adversely reflecting on his fitness to practice law in violation of DR 1-102(A)(7).

Respondent concedes that suspension is appropriate, but maintains that the three-year suspension recommended by the Board is too severe given the mitigating circumstances of his case. He argues that the Board, in making its recommendation, did not give sufficient weight to mitigating factors, particularly the serious personal problems that beset respondent. One partner in respondent's law firm died of cancer in 1988. Another took time off and left respondent with much of the office's work. Meanwhile respondent's marriage ended in a painful divorce, and a close relative was accused of serious im-

proprieties. Because he was helping his relative cope with these accusations, respondent could no longer approach him to discuss his own problems and so lost his only confidant.

We do not agree with respondent that the recommended three-year suspension is too severe. The Board recognized and considered the personal problems that beset respondent; it also noted such aggravating factors as the vulnerability of respondent's victims and the extent of his misconduct over six years in five unrelated instances. His neglect and active misconduct not only harmed several clients, but denied them their day in court. He was repeatedly dishonest with clients, other attorneys, and courts. Such behavior generally merits disbarment. ABA/ BNA Lawyers' Manual on Professional Conduct, ABA Standards for Imposing Lawyer Sanctions, Standards 4.41(b), 5.11(b), 6.11; see In re Berk, 157 Vt. 524, 532, 602 A.2d 946, 950 (1991) (ABA standards helpful in gauging sanctions); see also In re Sullivan, 530 A.2d 1115, 1118 (Del. 1987) (fraudulent misrepresentations to court and neglect of legal matters each separately warrant disbarment). Respondent avoids disbarment only because of the mitigating factors in his case. Cf. In re Willcher, 404 A.2d 185, 189 (D.C. 1979) (five-year suspension, rather than disbarment, as severe depression likely caused misconduct).

Respondent also argues that the Board inappropriately rejected expert testimony that he had suffered from clinical depression from 1986 until 1989. We agree with the Board that this testimony was relatively weak. The psychiatrist offering the diagnosis did not treat respondent during the time in question and based his diagnosis on three conversations with respondent years later, after these disciplinary proceedings began. In addition, the diagnosis of clinical depression would not account for all instances of respondent's professional misconduct; while he may have suffered from depression from 1986 until 1989, his pattern of misconduct began in 1985 and continued well into 1993. In any event, the diagnosis of clinical depression would not alter our conclusion that respondent should be suspended for three years: we do not impose sanctions as punishment. See Berk, 157 Vt. at 532, 602 A.2d at 950. Whether we explain respondent's extreme errors in judgment in terms of clinical depression or profound personal distress, we must still adhere to our goals of protecting the public from misconduct and maintaining confidence in our legal institutions. See Sullivan, 530 A.2d at 1119 (attorney disbarred to protect public and preserve integrity of profession; mental condition not mitigating).

Respondent maintains that a one- to two-year suspension would protect the public from his misconduct and encourage other attorneys to seek help when personal distress threatens their fitness to practice law. This may be so, and respondent may have every intent to avoid future misconduct, but this is not enough. Given respondent's grave misconduct, a briefer suspension would not restore public confidence in the legal profession or in the integrity of our legal institutions. Cf. In re Harrington, 134 Vt. 549, 552-53, 367 A.2d 161, 163 (1976) (Court gives Board recommendations great weight but bears sole responsibility for discipline of legal profession; one purpose of sanctions is to promote public confidence in legal institutions).

In light of respondent's multiple, serious violations of the disciplinary rules, we impose the three-year suspension recommended by the Board. As requested at oral argument, the suspension will begin forty-five days from the date of this order.

*Respondent Sigismund Wysolmerski is hereby suspended from the practice of law for a period of three years, beginning forty-five days from the date of this order.*