**In re Annette REGENT, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 95–BG–875.**

District of Columbia Court of Appeals.

Submitted Nov. 9, 1999.

Decided Dec. 9, 1999.

Before TERRY and GLICKMAN, Associate Judges, and FERREN, Senior Judge.

PER CURIAM:

This case is before us on the Report and Recommendation of the Board on Professional Responsibility (the Board) recom-

mending that respondent Annette Regent be disbarred from the practice of law in the District of Columbia. The Board found grounds for disbarment based on violations of three Rules of Professional Conduct, 8.1(a), 8.1(b), and 8.4(c).[1]

Respondent was admitted to the State Bar of Hawaii and the Bar of the District of Columbia. On May 23, 1995, the Supreme Court of the State of Hawaii disbarred respondent. The charges arose from respondent's submission of false and misleading statements on her Arizona and Nevada bar applications and in the Arizona fitness investigation.

After learning of respondent's disbarment in Hawaii, Bar Counsel filed with this court a certified copy of the Hawaii disciplinary order. On July 26, 1995, this court temporarily suspended respondent pursuant to D.C. Bar R. XI, § 11(d). This court also directed respondent to show cause why reciprocal discipline should not be imposed and ordered "the Board on Professional Responsibility ... to recommend ... whether identical, greater or lesser discipline should be imposed as reciprocal discipline, or whether the Board instead elects to proceed *de novo*." The Board ordered that reciprocal discipline not be imposed because it did not appear that respondent had received actual notice of the Hawaii disciplinary proceedings. Thereafter, Bar Counsel filed a Petition and Specification of Charges, which were served on respondent by first-class mail and certified mail at her last known address.[2] The Hearing Committee held a hearing on the charges at which respondent did not appear. The Hearing Committee adopted Bar Counsel's proposed findings of fact based on the uncontested evidence (which was substantially documentary in character), and concluded that the disciplinary violations were established. The Board adopted the Hearing Committee's findings.

In brief, the Hearing Committee and the Board found that in December 1991, respondent applied for admission to the Arizona Bar and swore upon oath or affir-

---

1. Rule 8.1 of the District of Columbia Rules of Professional Conduct states:

   An applicant for admission to the Bar, or a lawyer in connection with a Bar admission application or in connection with a disciplinary matter, shall not:
   (a) Knowingly make a false statement of material fact; or
   (b) Fail to disclose a fact necessary to correct a misapprehension known by the lawyer or applicant to have arisen in the matter, or knowingly fail to respond reasonably to a lawful demand for information from an admissions or disciplinary authority, except that this Rule does not require disclosure of information otherwise protected by Rule 1.6.
   Rule 8.4 provides, in pertinent part:
   It is professional misconduct for a lawyer to:
   (c) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation...

2. After attempts at personal service proved unsuccessful, this court could direct service of process by first-class and certified mail pursuant to D.C.Code § 11–2503(b) (1998). Initially, correspondence was sent to respondent's last known address, a post office box in Los Angeles. After the petition instituting formal disciplinary charges against respondent was approved, Bar Counsel contacted the California Bar to obtain assistance in locating respondent. The California Bar conducted an "Infotek" search for respondent, which generated a different post office box address. Personal service having failed at these two addresses, Bar Counsel asked this court to direct service by first-class and certified mail to her last known addresses. That motion was granted, and future notice and correspondence was sent by regular and certified mail to both post office box addresses in Los Angeles (the notices sent by certified mail were returned unclaimed; those sent by regular mail were not). The exhaustion of efforts to serve respondent distinguishes this case from *In re Washington,* 513 A.2d 245 (D.C. 1986), where the respondent notified the Board of his new address and was still practicing law in the District of Columbia. Although we stated in *Washington* that certified letters returned undelivered demonstrate inadequate notice, we think little else could have been done to locate respondent. *Cf. In re Dorsey,* 469 A.2d 1246, 1247 (D.C.1983) ("ample efforts" made to serve attorney who left town and did not provide a forwarding address).

mation that her answers on the bar application were full, true, and complete in all respects. She responded falsely to specific questions, however, in a number of material respects. Specifically, she did not disclose the following information which she was required to provide:

(1) that she was a member of the Bar of the District of Columbia;

(2) that she had applied to the California Bar and had sat for eleven California Bar examinations but had not been admitted to practice in California;

(3) that she had been charged with disturbing the peace in a criminal complaint in California; [3]

(4) that she had been a party to three civil lawsuits; and

(5) that she had been the subject of three separate ethics complaints filed against her in Hawaii.

The Arizona Bar Committee requested respondent to provide more complete information with respect to some of the above areas, giving her repeated opportunities to correct her answers and calling her attention to apparent discrepancies. Respondent failed to remedy the incompleteness of most of her previous responses, and furnished additional false or misleading information, including statements that she had been involved in only one civil lawsuit, that she had sat for the California Bar examination only in "1981 or 1982," and that she had never been the subject of any ethical complaints. [4] The Arizona Bar Committee persisted in investigating respondent's application, and she eventually withdrew it before it was acted upon.

The Hearing Committee and Board further found that in January 1992, respondent completed an application for admission to the Bar of Nevada. As with her Arizona application, she swore upon oath or affirmation that her answers on the application were true and complete. On this application, respondent again failed to disclose the information set forth above. This application came to naught, as respondent did not pass the Nevada Bar examination

The Board has recommended disbarment. Bar Counsel has informed the court that he takes no exception to the Board's report and recommendation. Respondent has not filed any opposition to the Board's report and recommendation. [5] We review the Board's recommendation in accordance with D.C. Bar R. XI, § 9(g) (1998), which states that "the Court shall accept the findings of fact made by the Board unless they are unsupported by substantial evidence of record, and shall adopt the recommended disposition of the Board unless to do so would foster a tendency toward inconsistent dispositions for comparable conduct or otherwise would be unwarranted." We accept the Board's recommendation; the findings that respondent violated Rules 8.1(a), 8.1(b) and 8.4(c) in connection with her Arizona and Nevada Bar applications are amply supported by the record. Disbarment is an appropriate sanction under these circumstances. *See In re Gilbert,* 538 A.2d 742 (D.C.1988) (finding disbarment appropriate where respondent failed to disclose material facts on his application for the Maryland Bar), *cert. denied,* 488 U.S. 828, 109 S.Ct. 80,

**3.** The complaint charged respondent with disturbing the peace for her alleged intimidation and harassment of jurors following their verdict against her in a civil action in which she was the plaintiff.

**4.** Respondent's answers to the Arizona Bar Committee's follow-up inquiries demonstrate that her original omissions were not inadvertent. Indeed, respondent displayed not only an unwillingness to be forthcoming, but also

materially false responses to the Bar Committee's specific questions.

**5.** As long as respondent was notified of the proceedings against her, we can proceed in ordering sanctions even though she was not present at the proceedings and did not contest the charges against her. *See In re Delate,* 598 A.2d 154 (D.C.1991); *Dorsey, supra.*

102 L.Ed.2d 56 (1988); *accord, In re Webster,* 661 A.2d 144 (D.C.1995). Accordingly, it is

ORDERED that Annette Regent is disbarred from the practice of law in the District of Columbia, commencing on the date on which she files an affidavit in compliance with D.C. Bar R. XI, § 14(g).

Until she files her affidavit, her temporary suspension remains in effect.

*So ordered.*