*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

**No. 22-BG-69**

IN RE ROBERT A. PLAGMANN,

**2021 DDN 63**

A Member of the Bar of the
District of Columbia Court of Appeals

**Bar Registration No. 991077**

BEFORE:  Easterly and AliKhan, Associate Judges, and Thompson, Senior
Judge.

### O R D E R
(FILED—May 5, 2022)

On consideration of the certified order from the state of Arizona revoking respondent's license to practice law in that jurisdiction by consent; this court's February 16, 2022, order directing respondent to show cause why reciprocal discipline should not be imposed; respondent's *pro se* response and exhibits; respondent's D.C. Bar R. XI, § 14(g) filed on February 24, 2022; the statement of Disciplinary Counsel; and respondent's *pro se* response; it is

ORDERED that Robert A. Plagmann is hereby disbarred from the practice of law in the District of Columbia, *nunc pro tunc* to February 24, 2022. *See In re Sibley*, 990 A.2d 483, 487 (D.C. 2010) (explaining that there is a rebuttable presumption in favor of imposition of identical discipline and exceptions to this presumption should be rare); *In re Laibstain*, 841 A.2d 1259, 1263 (D.C. 2004) (explaining that the equivalent sanction for revocation in the District is disbarment); *In re Regent*, 741 A.2d 40, 41, 42 (D.C. 1999) (disbarring attorney who failed to disclose material information, including a criminal charge, an ethics complaint, and involvement in three civil lawsuits, on her Arizona bar application even after the Arizona Bar Committee requested her to provide more complete information and called her attention to apparent discrepancies, and who subsequently failed to disclose the same information on a Nevada bar application); *In re Gilbert*, 538 A.2d 742, 746 (D.C.

**No. 22-BG-69**

1988) (imposing reciprocal disbarment for intentional non-disclosure of material information during the process for admission to the Maryland bar).

To the extent respondent argues that he was previously disciplined for this misconduct in this jurisdiction, he is incorrect because the informal admonition was in response to the disciplinary action taken by the Navy, not the Arizona Bar. To the extent respondent urges us to consider certain mitigating factors, he concedes that these factors were presented to the Arizona Bar during its investigation. Finally, to the extent he argues that imposition of reciprocal discipline would result in grave injustice, we disagree. Any negative impacts to his medical applications do not rise to this standard, and respondent has no clients or office in the District of Columbia and no plans to practice law here. *See In re Fuchs*, 905 A.2d 160, 164 (D.C. 2006) (rejecting an assertion that reciprocal discipline would constitute grave injustice as meritless where the attorney had never practiced in the District of Columbia, had no relationship with counsel in the District of Columbia, had no clients or office in the District of Columbia, and had no plans to practice law in the District of Columbia). Further, imposing discipline concurrent to the Arizona discipline is inappropriate where respondent did not promptly notify Bar Counsel of the discipline. *See In re Ayres-Fountain*, 955 A.2d 157, 160-61 (D.C. 2008) ("This court has established that in order for an attorney's suspension in this jurisdiction to run concurrently with any foreign discipline, the attorney must promptly notify Bar Counsel of the foreign discipline.").

**PER CURIAM**