**In re Pamela L. LYLES, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals**

**No. 97–BG–328.**

District of Columbia Court of Appeals.

Submitted June 17, 1998.

Decided July 9, 1998.

Before FARRELL, KING, and REID, Associate Judges.

PER CURIAM:

Before us in this reciprocal discipline proceeding is a report of the Board on Professional Responsibility recommending that respondent, who has been disbarred by the United States District Court for the District of Maryland, be disbarred from the practice of law in this jurisdiction. Respondent has filed no brief in opposition to the Board's recommendation. For the reasons stated in the Board's report which we adopt and append hereto, we accept the recommendation of the Board.

Accordingly, it is

ORDERED that respondent Pamela L. Lyles be disbarred from the practice of law in the District of Columbia, effective immediately. The time after which respondent may seek reinstatement shall run from the filing of an affidavit conforming to the requirements of D.C.Bar Rule XI, § 14(g).

### *APPENDIX*

### *REPORT, RECOMMENDATION AND ORDER OF THE BOARD ON PROFESSIONAL RESPONSIBILITY*

Respondent currently is suspended from the practice of law in the District of Columbia for six months, with a requirement that she demonstrate fitness before reinstatement. *In re Lyles,* 680 A.2d 408 (D.C.1996). In that original jurisdiction proceeding, the Court adopted the Board's recommended conclusion that Respondent violated the District of Columbia Rules of Professional Conduct in connection with four separate client matters in which she represented debtors in bankruptcy proceedings. That suspension is still in effect.[1]

■ Respondent now is before the Board on a reciprocal discipline matter arising from the disbarment of Respondent by the United States District Court for Maryland, for misconduct arising from four individual bankruptcy matters before that court in which Respondent represented individual debtors. Upon receiving notice of the Maryland federal court's action, the District of Columbia Court of Appeals, on March 28, 1997, again suspended Respondent from the practice of law in the District of Columbia and ordered the Board to recommend, after hearing from Bar Counsel and Respondent, "whether identical, greater or lesser discipline should be imposed as reciprocal discipline or whether the Board, instead, elects to proceed *de novo* pursuant to Rule XI, § 11."

Bar Counsel recommends the imposition of identical reciprocal discipline. Respondent filed with the Board an opposition to the imposition of reciprocal discipline. Respondent thereafter, on December 22, 1997, filed in the Court of Appeals a document styled "Motion for Immediate Reinstatement and

---

1. Respondent apparently has not filed the affidavit required by the Court's Rule 11, § 14, in connection with that suspension. As discussed below, in any event, she has not filed an appropriate petition for reinstatement to show her fitness, as the Court required before she may resume practice in the District of Columbia.

 

Objection to Imposition of Reciprocal Discipline." The Court referred that filing to the Board, which has received a statement in response from Bar Counsel. That motion will be addressed herein. Upon review of all of these submissions, the Board recommends disbarment as reciprocal discipline.

## ANALYSIS

Reciprocal discipline will be imposed unless the respondent demonstrates by clear and convincing evidence that one of the following exceptions to D.C.App. Rule XI, § 11(c) applies:

(1) The procedure elsewhere was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or

(2) There was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the Court could not, consistently with its duty, accept as final the conclusion on that subject; or

(3) The imposition of the same discipline by the Court would result in grave injustice; or

(4) The misconduct established warrants substantially different discipline in the District of Columbia; or

(5) The misconduct elsewhere does not constitute misconduct in the District of Columbia.

 The Rule "creates a rebuttable presumption that the discipline will be the same in the District of Columbia as it was in the original disciplining jurisdiction." *In re Zilberberg,* 612 A.2d 832, 834 (D.C.1992). We examine each potential exception in turn.

(1) Respondent received full notice and an opportunity to be heard in connection with the Maryland federal· court proceeding. On January 10, 1995, the Disciplinary and Admissions Committee of that court entered an order appointing a member of the bar to investigate pending complaints against Respondent. Respondent was notified of the investigation, and was provided with the report of the investigator, which was filed in May 1995. That report addressed Respondent's conduct in approximately 20 cases in the United States Bankruptcy Court for Maryland. Four client matters were selected for trial before two judges of the Maryland federal court, which occurred over the course of three trial days. Respondent participated in the proceedings and represented herself. She presented the testimony of witnesses and documentary evidence. The two-judge panel recommended disbarment in a thorough opinion, and the full court concurred in the disbarment order.

(2) The Maryland federal court heard substantial proof of the alleged misconduct. Because of the severity of the misconduct alleged, the need to assure that the client matters involved in this reciprocal proceeding do not overlap with those that already were considered by the Court in the discipline reported at 680 A.2d 408, and Respondent's allegations that the discipline involved related to an order of criminal contempt that she claims later was lifted, the Board has taken the unusual precaution of requesting from the disciplining court the record of its disciplinary proceeding. Through Bar Counsel, the Maryland federal court provided the record with the stipulation that it be kept confidential and used by the Board only in connection with these proceedings.

The record before the Maryland federal court discloses that the pattern in the four client matters was similar to that in the original District of Columbia proceeding, although the clients are different. Respondent had very little contact with the clients after an initial meeting, deferring to her "paralegal," a Mr. Edmond, to handle calls from clients. Respondent failed to respond to motions and to file timely the petitions and schedules necessary to protect her clients' interests in their bankruptcy proceedings. Due to her failures to appear for court proceedings and creditors' meetings, and to respond to motions by creditors seeking the lifting of the automatic stay for certain debts, her clients suffered dismissal of their bankruptcy petitions or prejudice to their financial interests. In three of the four matters, she had the clients sign a blank bankruptcy petition, for her to fill in and submit without further review by the clients. Respondent

failed to provide the clients with copies of filings or notices from the court. She also failed to refund fees when called upon by clients or courts to do so.

The Maryland federal court relied upon testimony of clients in three of the four matters and of successor counsel in two. It also received in evidence extensive records of docket information and filings in the underlying bankruptcy matters. There was no infirmity of proof in the Maryland proceeding.

(3) and (4) No grave injustice would result from the imposition of reciprocal discipline here, and disbarment is within the range of discipline that could be imposed in this jurisdiction for the misconduct proved. Respondent's misconduct was egregious, repeated, and prejudicial to the interests of clients. While disbarment has not often been imposed for multiple instances of misconduct in the nature of lack of diligence and competence, it is warranted in severe cases of chronic neglect in multiple matters, coupled with other disciplinary infractions such as dishonesty and failure to cooperate in the disciplinary process, and a record of prior discipline for neglect. *See In re Foster,* 699 A.2d 1110 (D.C.1997). Here, Respondent's neglect occurred over an extensive period of time, with respect to multiple clients, to their substantial injury and prejudice. She has shown no remorse and did not make an effort in the Maryland proceeding to demonstrate that she would make the clients whole. She abused the judicial process by seeking client signatures on bankruptcy forms in blank. She chronically failed to appear and to file required pleadings in a timely way as necessary to protect the interests of her clients. This reciprocal matter now comes to the Board as repeated chronic neglect, since these four client matters are in addition to the four considered by the Court in the original proceeding by which Respondent now is suspended in the District of Columbia. Disbarment would be warranted in an original proceeding on the facts found by the Maryland federal court.

(5) The misconduct found in the Maryland federal court is misconduct in this District of Columbia. In addition to multiple violations of local bankruptcy rules and federal bankruptcy rules of procedure, the Maryland federal court found the following violations of the Maryland Lawyers Rules of Professional Conduct:

| 1.1 | Competence | (4 instances) |
|-----|------------|---------------|
| 1.2(a) or (d) | Scope of representation | (2 instances) |
| 1.3 | Diligence | (4 instances) |
| 1.4(a) or (b) | Communication | (3 instances) |
| 3.1 | Meritorious Claims | (1 instance) |
| 3.2 | Expediting litigation | (1 instance) |

In substance, an attorney's obligations are the same under the District of Columbia Rules of Professional Conduct, with, at most, minor variations in wording.

Respondent objects to the imposition of reciprocal discipline on grounds that a conviction in May 1996 in the United States District Court for Maryland for criminal contempt was set aside, without prejudice to retrial. Those proceedings were based on allegations that Respondent, after an earlier suspension from practice before the Bankruptcy Court there, fraudulently had continued to solicit clients and to obtain fees from them in order to pursue bankruptcy matters in that jurisdiction. Bar Counsel advises that Respondent's criminal contempt trial is set for April 1998.

Respondent is mistaken that this reciprocal discipline proceeding stems from the criminal contempt conviction that has been set aside. It is based instead on the completed discipline proceeding in the Maryland federal court that bears that court's miscellaneous case number 95–4. That court made clear at page 16 of its opinion that it was the misconduct in the four client matters that supported its recommendation to the full court of disbarment. The panel then went on to observe that ancillary contempt proceedings were in progress, but did not analyze Respondent's alleged contempt in those proceedings as a disciplinary violation. This contrasts with the court's careful analysis of the alleged misconduct in the four client matters, and makes clear that the setting aside of the contempt conviction does not change its result. In fact, Respondent has presented the Board with no indication that the Maryland federal court has altered or lifted

its discipline with the setting aside of the contempt conviction.[2]

Finally, on the motion referred to the Board by the Court of Appeals, Respondent seeks immediate reinstatement, again based on the setting aside of the criminal contempt conviction in Maryland. Respondent still is suspended in the District of Columbia based on the original proceeding reported at 680 A.2d 408; the Court imposed a second suspension upon receiving notice of the disbarment by the Maryland federal court. The Board accordingly dismisses the motion for immediate reinstatement, without prejudice to Respondent's petition for reinstatement as provided in chapter 9 of the Board Rules.

For all of these reasons, the Board recommends that Respondent be disbarred as reciprocal discipline, and dismisses without prejudice her motion for immediate reinstatement.

BOARD ON PROFESSIONAL RESPONSIBILITY

By: /s/ _____
Patricia A. Brannan.
Vice–Chair

Dated: January 22, 1998

All members of the Board concur in this Report, Recommendation and Order, except Mr. Knight and Ms. Taylor who did not participate.

---

2. Respondent also has submitted documentary information concerning her course of treatment for depression. This information does not rise to the level of evidence of depression that meets the Court's test for mitigation of sanction under *In re* *Kersey,* 520 A.2d 321 (D.C.1987); *In re Peek,* 565 A.2d 627 (D.C.1989).