**In re Robert M. WINICK, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 115170).**

**Nos. 02–BG–1133, 02–BG–1377.**

District of Columbia Court of Appeals.

Submitted Dec. 13, 2004.

Decided Jan. 13, 2005.

---

Before SCHWELB, FARRELL, and WASHINGTON, Associate Judges.

PER CURIAM:

In this disciplinary proceeding against respondent, Robert M. Winick,[1] the Board on Professional Responsibility ("Board")

has recommended that identical reciprocal sanctions be imposed with minor exceptions[2] and that respondent be suspended for three years with a requirement to prove fitness as a condition of reinstatement. No exceptions to the Board's Report and Recommendation have been filed.

On April 1, 1999, the Florida Supreme Court found that respondent violated numerous Florida Bar Rules of Professional Conduct in three separate investigations involving eighteen different clients,[3] and thereafter suspended respondent for thirty days in *The Florida Bar v. Winick*, case No. 88,765, 703 So.2d 478 (Fla.1997),[4] two years with a requirement to prove fitness prior to reinstatement in *The Florida Bar v. Winick*, case No. 92,936,[5] and three years in *The Florida Bar v. Winick*, case Nos. 93,004 and 93,738, 731 So.2d 651 (Fla. 1999),[6] with a fitness requirement. In

1. Respondent was admitted to the Bar of the District of Columbia on May 12, 1972, and then administratively suspended on November 30, 1995, for failure to pay his bar dues.

2. The Board noted that Florida's additional requirements present practical difficulties for our disciplinary system. For example, our disciplinary system does not provide for open-ended treatment for depression because monitoring of such treatment would be difficult. The Board also noted that there appears to be no case in which, as a disciplinary sanction, an attorney in this jurisdiction has been ordered to undergo mandatory fee arbitration. *But see* D.C. Bar R. XIII. Further, respondent's fitness hearing will require a showing that he satisfied all of Florida's probation requirements prior to his reinstatement here.

3. The violations included, *inter alia*, a failure to act with reasonable diligence and promptness in representing clients, a failure to keep a client reasonably informed, a failure to explain a matter to the extent reasonably necessary to permit a client to make informed decisions, a failure to act with reasonable diligence and promptness in representing clients, a failure to respond to a disciplinary authority; a failure to respond to a Bar inqui-

ry, commingling of client and personal funds, and a failure to keep trust account records.

4. Additional discipline in this case included that respondent be placed on probation for two years after reinstatement, file semi-annual audit reports of his trust account during the probation period, continue treatment for depression, and return fees to two clients. In sanctioning respondent, the Florida Supreme Court noted mitigating circumstances, including that respondent had no prior disciplinary history, and that he had encountered serious personal problems and depression during the time of his numerous violations, as well as aggravating circumstances, such as causing significant prejudice to a client and holding himself out to be more qualified than others in the field of wills, trusts, and estates.

5. Additional discipline in this case included three years' probation after reinstatement, with a requirement that Winick submit quarterly audits of his trust account during this period.

6. In these cases Winick was also placed on three years' probation, in the event that he gained reinstatement after the suspensions. In addition he was required to participate in

these two cases, the suspensions were to run concurrently. On October 29, 2002, after learning of this discipline, Bar Counsel notified this court. We suspended respondent on January 14, 2003, pursuant to D.C. Bar R. XI, § 11(d), consolidated the various matters into two cases, and directed Bar Counsel to inform the Board whether she recommends reciprocal discipline.

On February 28, 2003, Bar Counsel stated that reciprocal, non-identical discipline was justified and recommended that respondent be disbarred. Bar Counsel noted that substantially different discipline was warranted because the sanction imposed upon respondent in Florida falls outside the range of sanctions for respondent's misconduct, if committed in the District of Columbia.

In its Report and Recommendation, the Board disagreed with Bar Counsel's recommendation, stating that Florida's sanction was within the range of sanctions available for similar misconduct in the District of Columbia. *See In re Haupt*, 422 A.2d 768 (D.C.1980). The Board further noted that the Florida court had made no finding in this jurisdiction of dishonesty and that disbarment for neglect cases not involving a finding of dishonesty, is uncommon. *See In re Lyles*, 714 A.2d 120, 123 (D.C.1998) ("[D]isbarment has not often been imposed for multiple instances of misconduct in the nature of lack of diligence and competence."). On May 12, 2004, the Board recommended that respondent be suspended for three years with the requirement of a showing of fitness. The Board also stated that no affidavit had yet been filed.

 A rebuttable presumption exists that "the discipline will be the same in the District of Columbia as it was in the origi-

nal disciplining jurisdiction." *In re Goldsborough*, 654 A.2d 1285, 1287 (D.C.1995) (citing *In re Zilberberg*, 612 A.2d 832, 834 (D.C.1992)). However, this court may impose a different sanction if it determines: 1) the misconduct in question would not have resulted in the same punishment here as it did in the disciplining jurisdiction, and 2) the difference is substantial. *In re Sheridan*, 798 A.2d 516, 522 (D.C.2002) (quoting *In re Krouner*, 748 A.2d 924, 928 (D.C.2000) (citations omitted). In the first step, we consider whether or not the "discipline of the foreign jurisdiction is within the range of sanctions that would be imposed for the same misconduct in this jurisdiction." *Id.* Here, Florida's sanction of a three-year suspension and fitness requirement is within that range of sanctions. *See Haupt*, 422 A.2d at 768 (three-year suspension); *In re Washington*, 541 A.2d 1276 (D.C.1988) (four-year suspension and restitution to former clients); *In re Willcher*, 404 A.2d 185 (D.C.1979) (five-year suspension and fitness requirement). As such, the imposition of identical discipline is required even if this court would impose a different sanction if the case were prosecuted in the District of Columbia as an original matter). *See Sheridan, supra*, 798 A.2d at 522; *Krouner*, 748 A.2d at 927. Because a three year suspension and fitness requirement falls within the range of appropriate sanctions, this court need not address the second prong as to whether the difference between the discipline imposed in Florida and the discipline we would impose as an original matter is substantial.

 The Board in this case recommends that respondent be suspended for three years with a requirement to prove fitness as a condition of reinstatement. No exception has been taken to its Report

binding fee arbitration with two former clients.

and Recommendation. Therefore, the court gives heightened deference to the Board's recommendation. *See* D.C. Bar R. XI, § 9(g)(2); *In re Delaney*, 697 A.2d 1212, 1214 (D.C.1997). We find substantial support in the record for the Board's findings, and accordingly, we accept them. We adopt the sanction the Board recommended since it is not inconsistent with discipline imposed in similar cases. Accordingly, it is

ORDERED that Robert M. Winick, Esquire, be, and hereby is, suspended from the practice of law in the District of Columbia for a period of three years. Reinstatement is conditioned on his demonstrating fitness to practice law. We direct respondent's attention to the requirements of D.C. Bar R. XI, § 14(g), and their effect on his eligibility for reinstatement. *See* D.C. Bar R. XI, § 16(c).

*So ordered.*